**Conditionally granted and Opinion Filed October 19, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00871-CV

### IN RE JEFFREY S. SANDATE, M.D., Relator

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-11086**

## OPINION

Before Justices Lang, Evans, and Stoddart
Opinion by Justice Evans

In this mandamus proceeding, relator Jeffrey S. Sandate, M.D. seeks relief from the trial court's order which, pursuant to rule 205, required that he appear for his deposition and provide the documents requested in the subpoena duces tecum without first having been served with a section 74.351(a) expert report and curriculum vitae. *See* TEX. R. CIV. P. 205; TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (s) (West Supp. 2016). On this record, we decide *In re Jorden*, 249 S.W.3d 416 (Tex. 2008) is controlling authority pursuant to which section 74.351(s) prohibits Dr. Sandate's deposition because he has not been served with a section 74.351(a) expert report and curriculum vitae even though he is not a defendant in the lawsuit. Accordingly, we conditionally grant the petition.

## BACKGROUND

On September 2, 2016, Comaneche Turner, as the natural parent and next friend of M.T., filed a lawsuit against Methodist Hospitals of Dallas d/b/a Methodist Dallas Medical Center

(MDMC) for the alleged negligent medical care that she received during the labor and delivery of her son, M.T. Dr. Sandate has not been named as a defendant in the lawsuit. On April 28, 2017, Turner filed a motion to extend the deadline for joinder of parties because she wanted to depose all the nurses and doctors involved in the labor and delivery to identify other potential parties.[1] Turner argued that she was entitled to depose Dr. Sandate as a non-party under rule 205 of the Texas Rules of Civil Procedure. On June 8, 2017, the trial court conducted a hearing on the motion to extend joinder deadline. At the hearing, Turner specifically noted that she wanted to take Dr. Sandate's deposition to determine if he should be joined in the lawsuit.[2] The trial court partially granted Turner's request and extended the deadline to join parties until August 14, 2017.

Turner then served Dr. Sandate with a deposition notice and subpoena duces tecum. Dr. Sandate promptly filed a motion to quash and motion for protective order. Turner re-served the deposition notice and Dr. Sandate again moved to quash it. The trial court heard the motion to quash and motion for protective order and, by order dated July 7, 2017, denied the motion to

---

[1] Turner's counsel explained to the trial court the central medical issue and Dr. Sandate's relation to it in this way:

> One of the main issues in this case is that during the transportation of my client to the OR, someone used their hand to lift the baby's head out of the pelvis. That's not documented anywhere who did it. There's one documentation by the treating physician [Dr. Sandate] who's not a Defendant in this case, that it occurred. No nursing documentation whatsoever. . . . So we're trying to figure out and my client has a right to know who should be in this case and who shouldn't be in this case.

[2] During the hearing, Turner's counsel stated,

> We've been attempting to do depositions and do written discovery. We've taken three depositions so far of the Defendant's [hospital] employees, my client has been deposed, and the joinder deadline was in May. And the problem is, is that we've yet to fully develop this case in order to potentially add new parties.

> Turner's counsel also argued,

> So we need to take these depositions and get it done. And if there's somebody that needs to be added, Your Honor, my client needs to have them in; otherwise, what we're going to end up doing is going to trial and they're going to be pointing the finger at an empty chair. "Should have brought in Dr. So-and-so," "Should have brought in so-and-so."

quash and the motion for protective order and ordered Dr. Sandate to appear for deposition and provide the documents requested. Dr. Sandate then petitioned this Court for a writ of mandamus to order the trial court to vacate its July 7, 2017 order. We stayed the trial court's order to consider this mandamus petition.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding). Mandamus relief is appropriate only to correct a clear abuse of discretion in violation of a duty imposed by law when there is no other adequate remedy at law. *Id.* A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). A trial court clearly abuses its discretion when it grants discovery from a health care provider in circumstances where the health care provider is entitled to first be served with a section 74.351(a) expert report and curriculum vitae. *See In re Jorden*, 249 S.W.3d 416 (Tex. 2008) (orig. proceeding) (section 74.351(s) bars rule 202 depositions regarding health care claims). In civil cases, "[a] trial or appellate court has no discretion in determining what the law is or in applying the law to the facts, even if the law is somewhat unsettled." *Id*. at 424 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding) (case of first impression regarding enforceability of contractual jury waiver); *see also Lunsford v. Morris*, 746 S.W.2d 471, 473 (Tex. 1988) (orig. proceeding) (changing 100 years of case law and granting mandamus for abuse of discretion when trial judge followed then-existing law), *disapproved on other grounds by Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding).

ANALYSIS

Dr. Sandate argues that in the absence of a section 74.351(a) expert report and curriculum vitae, section 74.351(s) of the Texas Civil Practice and Remedies Code and Texas Supreme Court precedent, *In re Jorden*, preclude the taking of his oral deposition in these circumstances. Turner argues that because Dr. Sandate is not a party to the lawsuit, section 74.351(a) does not obligate Turner to serve Dr. Sandate with an expert report and curriculum vitae and section 74.351(s)(3) does not prohibit deposing him pursuant to rule 205 before serving him with an expert report and curriculum vitae.

### A. Expert Report and Curriculum Vitae Required for Health Care Liability Claim

Generally, section 74.351(s) prohibits a "claimant" from conducting "all discovery in a health care liability claim" until the claimant serves a section 74.351(a) expert report and curriculum vitae. Sections 74.351(a) and (s) provide:

> (a) In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.
>
> ***
>
> (s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>
> > (1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;
> >
> > (2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. ANN. § 74.351(a), (s).

In *Jorden*, the supreme court analyzed whether section 74.351(s) prohibited a rule 202 deposition of a health care provider before serving that provider with a report and curriculum vitae. *In re Jorden*, 249 S.W.3d at 418. The plaintiff in *Jorden* had named the doctors, the medical practice, and the hospital as "potentially adverse parties" in a future action and requested leave to depose them. *Id.* at 418–19. The trial court denied leave and held that rule 202 depositions are not allowed for health care claims. *Id.* at 419. Plaintiff then petitioned the court of appeals for a writ of mandamus which the court granted. *Id.* at 416. The intended deponents then petitioned the supreme court for a writ of mandamus. *Id.*

In its analysis, the supreme court noted that section 74.351(s) applies to all discovery in a "health care liability claim." *Id.* at 421. The statute defines a "health care liability claim" as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. The term does not include a cause of action described by Section 406.033(a) or 408.001(b), Labor Code, against an employer by an employee or the employee's surviving spouse or heir.

*See* TEX. CIV. PRAC. & REM. ANN. § 74.001(a)(13) (West Supp. 2016). The supreme court further noted that the statute itself confirms that the term "a cause of action" is used in the more general sense relating to underlying facts rather than being limited to filed lawsuits. *In re Jorden*, 249 S.W.3d at 422. Thus, the supreme court reasoned that "[b]ecause the statute here specifically applies to 'a cause of action against a health care provider,' it applies both before and after such a cause of action is filed." *Id.* Based on this reasoning, the supreme court concluded, "[t]o the extent a presuit deposition is intended to investigate a potential claim against

–5–

a health care provider, it is necessarily a 'health care liability claim' and falls within the coverage of section 74.351(s)." *Id.*

The supreme court then considered the plaintiff's argument that the health care provider's deposition could be taken as a "non-party" pursuant to section 74.351(s)(3), which authorizes rule 205 depositions in certain circumstances. *Id.* The court rejected this argument, reasoning "by specifically referencing depositions of nonparties 'under Rule 205' rather than of parties under Rule 199, the statute makes an apparent distinction between those who are third parties to a dispute and those directly threatened by it." *Id.* The supreme court noted the petition in *Jorden* "specifically listed the relators as having an adverse interest in the potential suit (a requirement of Rule 202)," based on which the court concluded the health care providers "were not 'nonparties' from whom depositions were allowed by Rule 205." *Id.*

### B. Analysis

In this case, unlike *Jorden*, a lawsuit has already been filed against a health care provider and Turner now seeks the deposition of her obstetrician who has not been named as a defendant. Turner, however, announced she seeks Dr. Sandate's deposition to determine whether or not he should be added as a defendant in the lawsuit. As explained above, the supreme court decided that section 74.351(s) applies to all discovery in a health care liability claim against a health care provider both before and after such a cause of action is filed as a lawsuit against that health care provider. *Id.* In addition, the statutory distinction between "third parties to a dispute and those directly threatened by it" is part of the circumstances of this mandamus as it was in *Jorden*. *Id.* As in *Jorden,* here Turner announced the reason she seeks discovery from Dr. Sandate is to determine whether or not to sue him. Accordingly, Dr. Sandate is "not [a] 'nonpart[y]' from whom depositions were allowed by Rule 205." *See id.* Therefore, Dr. Sandate's deposition

should not take place in accordance with the supreme court's reasoning in *Jorden* and section 74.351(s).

Turner argues we should follow the First Court of Appeals's decision in which a hospital's petition for writ of mandamus was rejected. *See In re Christus Health Gulf Coast d/b/a Christus St. Catherine Hosp.*, No. 01-13-00983-CV, 2014 WL 554702 (Tex. App.—Houston [1st Dist.] Feb. 11, 2014, orig. proceeding) (memo. op.). Turner argues *In re Christus* is directly on point and notes that the supreme court also denied the petition for writ of mandamus. As Turner concedes, however, neither the court of appeals nor the supreme court explained their reasoning in their decisions. Accordingly, we do not find *Christus* to be persuasive in view of *In re Jorden* which is articulate authority from the supreme court directly on point.

Turner further argues the plain language of section 74.351(s) does not extend the limited discovery stay to protect Dr. Sandate. Turner includes in that argument the position that *Jorden* is limited to rule 202 pre-suit depositions and does not apply to rule 205 depositions. We explained above that in *Jorden* the supreme court analyzed the relationship between rule 205 and section 74.351(s). The statute distinguishes between "third parties to a dispute and those directly threatened by it." *In re Jorden*, 249 S.W.3d at 422. Those who are directly threatened by a lawsuit are "not 'nonparties' from whom depositions were allowed by Rule 205." *Id.* While Dr. Sandate is a non-party in the sense that he has not been named as a defendant in the pending litigation, the supreme court expressly interpreted the protection of section 74.351(s) to include depositions to investigate a potential health care liability claim against a health care provider. *Id.* Turner is seeking Dr. Sandate's deposition to determine whether Turner should join Dr. Sandate as a defendant in the existing lawsuit for the alleged negligent medical care that she received during the labor and delivery of her son. As Turner is seeking to investigate a health care liability claim against a health care provider even though he has not yet been named in the

lawsuit, we conclude, under this particular set of facts, that Dr. Sandate's deposition would fall within the protection of section 74.351(s) as explained in *Jorden*. Accordingly, the trial court abused its discretion in ordering Dr. Sandate to appear for his deposition and provide the documents requested in the subpoena duces tecum without having been served with Turner's section 74.351(a) expert report and curriculum vitae.

## CONCLUSION

We conditionally grant the petition for writ of mandamus. A writ will only issue in the event the trial court fails, within fifteen days of the date of this opinion, to vacate its July 7, 2017 order denying Dr. Sandate's motion to quash and motion for protective order and ordering Dr. Sandate to appear for his deposition and provide the documents requested in the subpoena duces tecum.

/David W. Evans/
DAVID EVANS
JUSTICE

170871F.P05