

NUMBER 13-18-00140-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE MCALLEN ANESTHESIA CONSULTANTS, P.A., DOCTORS HOSPITAL AT RENAISSANCE, LTD. D/B/A DOCTORS HOSPITAL AT RENAISSANCE, AND EDGAR ARMANDO RODRIGUEZ, M.D.

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION ON RECONSIDERATION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria[1]**

By opinion issued on May 8, 2018, this Court denied mandamus relief in this case. *See In re McAllen Anesthesia Consultants, P.A.*, No. 13-18-00140-CV, 2018 WL 2127015, at *1 (Tex. App.—Corpus Christi May 8, 2018, orig. proceeding) (mem. op.). Subsequently, relators filed a "Second Advisement to the Court and Motion for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Reconsideration." We deny relators' motion for reconsideration but we withdraw our previous opinion and issue this opinion in its place.

Relators McAllen Anesthesia Consultants, P.A., Doctors Hospital at Renaissance, Ltd. d/b/a Doctors Hospital at Renaissance, and Edgar Armando Rodriguez, M.D., filed a petition for writ of mandamus in the above cause on March 12, 2018. Through this original proceeding, relators seek a writ of mandamus compelling the trial court to vacate its order denying relators' motion to quash and to issue an order prohibiting all discovery until "all [d]efendants have been served with a proper expert report." Relators, in sum, seek to quash the deposition of their co-defendant, Roger Sims. The underlying proceeding is a health care liability suit and relators contend that this discovery violates section 74.351(s) of the Texas Civil Practice and Remedies Code because they have not been served with an expert report in this case. [2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(s) (West, Westlaw through 2017 1st C.S.).

This Court requested and received a response to the petition for writ of mandamus from the real parties in interest, Jose David Sanchez, individually and as guardian of the person and estate of Arleena Mancha Sanchez and as next friend of D.A.S., a minor. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Relators filed a reply to the real parties' response. Relators further filed an "Advisement to the Court Concerning Service of Expert Report on Defendant Roger Sims, CRNA." According to this pleading and the attached

---

[2] This original proceeding arises from trial court cause number C-3007-17-G in the 370th Judicial District Court of Hidalgo County, Texas, and the Honorable Noe Gonzalez is the respondent. *See* TEX. R. APP. P. 52.2. This Court conditionally granted mandamus relief in this case. *See In re McAllen Anesthesia Consultants, P.A.*, No. 13-17-00584-CV, 2017 WL 6492002, at *1 (Tex. App.—Corpus Christi Dec. 18, 2017, orig. proceeding) (mem. op.).

"Notification of Service," Sims and the other defendants in the suit have been served with the "Chapter 74 Expert Report of Jay Ellis, M.D."

According to relators' "Second Advisement to the Court and Motion for Reconsideration," all defendants have received a copy of the expert report served on Sims, but that report did not "discuss or mention the care provided by the other defendants," and the real parties have not yet served expert reports pertaining to the remaining defendants in the underlying lawsuit. This Court requested and received a response to the "Second Advisement to the Court and Motion for Reconsideration" from the real parties in interest. The real parties assert that relators' motion for reconsideration is moot because they are represented by new counsel, and new counsel "does not intend to proceed with discovery until all Defendants have been served with an expert report to the extent required under [Texas Civil Practice and Remedies Code section 74.351 (West, Westlaw through 2017 1st C.S.)]."

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of

3

an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding). A trial court clearly abuses its discretion when it compels discovery from a health care provider in circumstances where the health care provider is entitled to first be served with a section 74.351(a) expert report and curriculum vitae. *See In re Jorden*, 249 S.W.3d 416, 420–21 (Tex. 2008) (orig. proceeding); *In re Sandate*, 544 S.W.3d 9, 11 (Tex. App.—Dallas 2017, orig. proceeding [mand. denied]); *In re Lumsden*, 291 S.W.3d 456, 462 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *see also In re McAllen Anesthesia Consultants, P.A.*, No. 13-17-00584-CV, 2017 WL 6492002, at *1 (Tex. App.—Corpus Christi Dec. 18, 2017, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the additional filings provided by the parties to this original proceeding, is of the opinion that this matter has been rendered moot. *See City of Krum, Tex. v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam) (stating that a case is moot when either no live controversy exists between the parties or the parties have no legally cognizable interest in the outcome); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the

4

parties at any stage of the legal proceedings, including the appeal.").  Accordingly, the

Court DISMISSES the petition for writ of mandamus as moot.  *See* TEX. R. APP. P. 52.8(a).

This dismissal is without prejudice to refiling if necessary.


                                                    NORA LONGORIA,
                                                    Justice

Delivered and filed the
19th day of June, 2018.