**Conditionally Grant and Opinion Filed June 29, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00400-CV

## IN RE PRG DALLAS, ASC., L.P., Relator

**Original proceeding from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-04958**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

In this original proceeding, we must decide whether a trial court may deny a motion to quash a deposition where a party seeks to depose a potentially responsible third party in a case involving a health care liability claim when the party seeking the deposition has not yet served an expert report under Chapter 74 of the civil practice and remedies code. We conclude the denial of the motion to quash under these circumstances is improper as a matter of law and conditionally grant the writ of mandamus to quash the deposition until such time as a Chapter 74 expert report is served.

Relator PRG Dallas, ASC, L.P. is an ambulatory surgical center and concedes it is a health care provider pursuant to section 74.001(12)(A)(vii) of the civil practice and remedies code. The underlying case involves a personal injury action brought by Anne Looney (plaintiff) and Jerry Shipley (intervenor) against Professional Compounding Centers of America, Inc. ("PCCA") for eye injuries sustained during cataract surgery at relator's facility where Looney and Shipley were

injected with a Tri-Moxi medication provided by Guardian Pharmacy Services. The medication included a formula provided to Guardian by PCCA. Looney and Shipley maintain the PCCA formula was defective. Looney sent relator two "notices" of health care liability claims alleging damages as a result of "medical, surgical, or other health care" provided by relator. However, relator has not yet been sued as a defendant.

PCCA sought leave to designate relator as a responsible third party, and PCCA, Looney, and Shipley served relator with deposition notices for Daniel Chambers, relator's executive director. Relator moved to quash the deposition and, after a hearing, the trial court denied the motion to quash. Relator seeks a writ of mandamus directing the trial court to quash the deposition. Relator argues PCCA is a claimant under Chapter 74 because it seeks to apportion responsibility between it and a responsible third party and relator is a healthcare provider under Chapter 74 and, as such, all discovery is stayed until the plaintiffs provide relator with the required Chapter 74 expert report.

PCCA argues here, as it did in the trial court, that it is not a claimant under Chapter 74 because it has not asserted a health care liability claim against relator and, therefore, discovery related to a responsible third party designated by PCCA is not subject to the Chapter 74 stay. PCCA maintains that it is entitled to depose relator without providing a Chapter 74 expert report and the writ should be denied.

Looney and Shipley each filed a response to the mandamus petition, and each included a cross-petition for writ of mandamus. Initially, Looney argues PCCA must file a Chapter 74 expert report before designating a healthcare provider as a responsible third party. Looney asks the Court to order PCCA to produce a Chapter 74 expert report if the deposition is not permitted to take place. Alternatively, Looney asks that the deposition be permitted to take place if the responsible third party designation is permitted to stand and PCCA is not required to produce an expert report.

–2–

Looney argues that such discovery is necessary under Chapter 33 to allow her to investigate PCCA's allegations against relator.

In contrast, Shipley argues that discovery is not stayed here because neither PCCA nor Shipley is a claimant under Chapter 74, Shipley has not asserted a healthcare liability claim against relator, and no liability can be imposed on relator as a responsible third party. Shipley also argues that Chapter 33 mandates discovery regarding a responsible third party designation, and Chapter 33 trumps Chapter 74. Alternatively, Shipley argues in the cross-petition that PCCA should be required to produce a Chapter 74 expert report if the Chapter 74 discovery stay applies.

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins.*, 507 S.W.3d 219, 223 (Tex. 2016) (orig. proceeding). A trial court clearly abuses its discretion when it compels discovery from a healthcare provider in circumstances where the healthcare provider is entitled first to be served with a section 74.351(a) expert report and curriculum vitae. *See In re McAllen Anesthesia Consultants, P.A.*, No. 13-17-00584-CV, 2017 WL 6492002, at *5 (Tex. App.—Corpus Christi Dec. 18, 2017, orig. proceeding) (mem. op.) (citing *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding), *In re Sandate*, 544 S.W.3d 9, 11 (Tex. App.—Dallas 2017, orig. proceeding) (pet. filed and response requested No. 18-0102, *In re Comanche Turner*), and *In re Lumsden*, 291 S.W.3d 456, 462 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding)). Section 74.351(s) provides that all discovery in a health care liability claim, save for three exceptions, is stayed until the claimant has served the required expert report:

> (s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>
> > (1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM. CODE § 74.351(s). Chapter 74 defines "claimant" as:

a person, including a decedent's estate, seeking or who has sought recovery of damages in a health care liability claim. All persons claiming to have sustained damages as the result of the bodily injury or death of a single person are considered a single claimant.

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2).

Here, PCCA is not a "claimant" because it does not seek recovery of damages in a health care liability claim. PCCA and Looney argued below that they are entitled under Chapter 33 of the civil practice and remedies code to seek discovery from relator in order to discover the relator's responsibility for Looney's and Shipley's damages. Looney argued such discovery is necessary under Chapter 33 because Looney has the right to move to strike the responsible third party designation if there is no evidence that relator is responsible for any portion of her alleged injury or damage. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(*l*) (a party may move to strike the designation of a responsible third party on no evidence grounds "[a]fter adequate time for discovery"). Relator argues Chapter 33 cannot trump Chapter 74's discovery stay because relator is a health care provider protected by Chapter 74, and Looney has asserted a health care liability claim against relator through Looney's two notices.

No authority has addressed this exact fact scenario or the impact of a responsible third party designation on the Chapter 74 discovery stay. The Texas Supreme Court has, however, applied the Chapter 74 discovery stay to Rule 202 proceedings. *See In re Jorden*, 249 S.W.3d at 418 ("Because the statute prohibits 'all discovery' other than three exceptions—and Rule 202 depositions are not listed among them—we hold the statute prohibits such depositions until after an expert report is served."). The plaintiff in *Jorden* filed a Rule 202 petition in which he named

the doctors, the medical practice, and the hospital as "potentially adverse parties" in a future action and requested leave to depose them. *Id.* at 418–19. The trial court denied leave and held that Rule 202 depositions are not allowed for health care claims. *Id.* at 419. Plaintiff then petitioned the court of appeals for a writ of mandamus, which the court granted. *Id.* at 416. The intended deponents then petitioned the supreme court for a writ of mandamus. *Id.*

In its analysis, the supreme court noted section 74.351(s) applies to all discovery in a "health care liability claim." *Id.* at 421. The statute defines a "health care liability claim" as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. The term does not include a cause of action described by Section 406.033(a) or 408.001(b), Labor Code, against an employer by an employee or the employee's surviving spouse or heir.

TEX. CIV. PRAC. & REM. ANN. § 74.001(a)(13) (West Supp. 2016). The supreme court further noted the statute itself confirms that the term "a cause of action" is used in the more general sense relating to underlying facts rather than being limited to filed lawsuits. *In re Jorden*, 249 S.W.3d at 422. Thus, the supreme court reasoned that "[b]ecause the statute here specifically applies to 'a cause of action against a health care provider,' it applies both before and after such a cause of action is filed." *Id.* Based on this reasoning, the supreme court concluded, "[t]o the extent a pre-suit deposition is intended to investigate a potential claim against a health care provider, it is necessarily a 'health care liability claim' and falls within the coverage of section 74.351(s)." *Id.*

Last year, this Court applied *Jorden* in a healthcare liability action in which the plaintiff sought to depose a potentially liable doctor to investigate whether that doctor should be added as a defendant and sought the deposition without first providing an expert report. *In re Sandate*, 544 S.W.3d at 11-14. The plaintiff in that case argued that the potential deponent was a non-party under Rule 205 and, therefore, the deposition of that deponent fell under one of the exceptions to

the Chapter 74 discovery stay. TEX. CIV. PRAC. & REM. CODE § 74.351(s) (discovery from nonparties under Rule 205 is permitted). We disagreed, holding that the potential deponent was not a "non-party" under Rule 205 because the plaintiff's stated reason for seeking discovery from Dr. Sandate was to determine whether or not to sue him. *In re Sandate*, 544 S.W.3d at 13. Accordingly, Dr. Sandate was "not [a] 'nonpart[y]' from whom depositions were allowed by Rule 205." *See id.* We reiterated the supreme court's analysis in *Jorden*, that the statute distinguishes between "third parties to a dispute and those directly threatened by it" and those who are directly threatened by a lawsuit are "not 'nonparties' from whom depositions were allowed by Rule 205." *Id.* (quoting *In re Jorden*, 249 S.W.3d at 422).

> While Dr. Sandate is a non-party in the sense that he has not been named as a defendant in the pending litigation, the supreme court expressly interpreted the protection of section 74.351(s) to include depositions to investigate a potential health care liability claim against a health care provider. *Id.* Turner is seeking Dr. Sandate's deposition to determine whether Turner should join Dr. Sandate as a defendant in the existing lawsuit for the alleged negligent medical care that she received during the labor and delivery of her son. As Turner is seeking to investigate a health care liability claim against a health care provider even though he has not yet been named in the lawsuit, we conclude, under this particular set of facts, that Dr. Sandate's deposition would fall within the protection of section 74.351(s) as explained in *Jorden*. Accordingly, the trial court abused its discretion in ordering Dr. Sandate to appear for his deposition and provide the documents requested in the subpoena duces tecum without having been served with Turner's section 74.351(a) expert report and curriculum vitae.

*Id.* at 14.

The Corpus Christi Court of Appeals has since applied *Jorden* and *Sandate* to a claimant's request for Rule 202 depositions of a named defendant's corporate representative and others to determine whether those parties should be joined in the underlying lawsuit for the alleged negligent medical care that the plaintiff received during her labor and delivery. *In re McAllen Anesthesia Consultants, P.A.*, 2017 WL 6492002, at *7. That court held that the discovery was unavailable under section 74.351(s) because "[u]nder this particular set of facts, where Sanchez is seeking to investigate a health care liability claim against health care providers, even though those providers

have not been named in the lawsuit, the requested discovery falls within the protection of section 74.351(s) as explained in *Jorden*." *Id.* (citing *In re Jorden*, 249 S.W.3d at 422). The court held that the trial court abused its discretion in ordering relator's corporate representative to appear for a deposition and provide the documents requested under Rule 205 without first having been served with a section 74.351(a) expert report. *Id.* The *McAllen Anesthesia* court further determined that relator was not a non-party against which discovery could be sought under Rule 205 because the supreme court expressly held that "nonparties" as used in section 74.351(s) means only "third parties" and does not include "those directly threatened" by the dispute. *Id.* (citing *In re Jorden*, 249 S.W.3d at 422 (noting that "if everyone qualifies as a 'nonparty' until suit is filed, then the statute places no restriction on presuit discovery whatsoever" which would be "plainly contrary to the statute's purpose")).

The issue here is whether the Chapter 74 discovery stay applies to the deposition of a healthcare provider that has not been sued by a claimant but is sought to be designated as a responsible third party by a defendant that is not a claimant under Chapter 74. This scenario is analogous to the facts of *In re McAllen Anesthesia Consultants, P.A. See id.* The plaintiff in *McAllen Anesthesia* had already sued a healthcare provider, and the plaintiff was the party seeking pre-suit depositions of other healthcare providers, whereas Looney has not yet sued a healthcare provider. However, Looney and Shipley, like the plaintiff in *McAllen Anesthesia*, seek discovery from a healthcare provider. Although PCCA moved to designate relator as a responsible third party, PCCA is not the only party seeking the corporate representative deposition. That deposition is also sought by Looney and Shipley to investigate whether relator should be joined in the underlying lawsuit for the alleged negligent medical care provided to Looney and Shipley. As in *McAllen Anesthesia*, relator is directly threatened by the lawsuit and is, therefore, not a non-party

under Rule 205 because Looney has already asserted healthcare liability claims against relator and PCCA seeks to hold relator responsible. *See id.*

As the supreme court made clear in *Jorden*, section 74.351(s) applies to all discovery in a healthcare liability claim and, when "a pre-suit deposition is intended to investigate a potential claim against a health care provider, it is necessarily a 'health care liability claim' and falls within the coverage of section 74.351(s)." *In re Jorden*, 249 S.W.3d at 422. Relator is a healthcare provider, and parties harmed by relator's alleged medical negligence seek to depose relator. That discovery concerns a healthcare liability claim, and relator may not be ordered to appear for a deposition before receiving a Chapter 74 expert report. *See id.*

Looney and Shipley further argue that Chapter 33 controls over Chapter 74 because Looney is permitted to conduct discovery to determine the nature of PCCA's allegations against relator to determine "what is the responsibility of the responsible third party." In making this argument, Looney relies on *Exxon v. Pagayon*, 467 S.W.3d 36 (Tex. App.—Houston [14th Dist.] 2015), *rev'd sub nom. Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499 (Tex. 2017), to support her argument that "when there is a nonmedical practice defendant [identifying as a responsible party] a health care provider, they are not claimants under the statute, and as a result, Chapter 74 doesn't apply." The *Pagayon* case is distinguishable, however, because (1) Exxon had an expert that said the ER doctor did something wrong, (2) the issue was whether Exxon's evidence about the doctor's wrongdoing had to rise to the willful and wanton standard under section 74.153, and (3) the *Pagayon* court did not address whether Exxon was a Chapter 74 claimant or whether Chapter 74 applied to discovery. *Pagayon*, 467 S.W.3d at 49–51. In this case, Looney has threatened relator with a lawsuit under Chapter 74 and should not be permitted to avoid the discovery stay. Moreover, section 74.202 says if there is a conflict between Chapter 74 and any other statute, then Chapter 74 controls. TEX. CIV. PRAC. & REM. CODE § 74.202.

Even though PCCA is not a claimant under Chapter 74, Looney and Shipley are Chapter 74 claimants, and they seek Chambers' deposition in order to determine if they should challenge the responsible third party designation and whether to add relator as a defendant. In other words, they seek discovery in order to determine whether to sue relator for a healthcare liability claim Looney has already asserted against relator. Further, PCCA seeks to designate relator as a responsible third party in order to spread liability between PCCA and relator and asserts relator is a responsible third party because of alleged medical negligence. In other words, PCCA seeks to hold a healthcare provider responsible, at least in part, for plaintiffs' injuries because PCCA maintains relator's medical negligence caused the injuries. Chapter 74 protects healthcare providers from such discovery without first being provided an expert report.

For these reasons, we conclude the trial court abused its discretion in denying relator's motion to quash Chambers' deposition, and mandamus is the proper remedy. *See In re Nat'l Lloyds Ins.*, 507 S.W.3d at 223. Accordingly, we conditionally grant the writ of mandamus. We direct the trial court to issue, within twenty-one (21) days of the date of this opinion, a written order quashing Chambers' deposition until a party seeking such a deposition serves a Chapter 74 expert report. We are confident the trial court will comply, but a writ will issue if the trial court fails to comply.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180400F.P05