Jeff Rose, Chief Justice *180 Appellants the Honorable John Fisher, Jeff Daniell, Sheila Cunningham, and the C.L. Dockery Trust appeal from the trial court's grant of pleas to the jurisdiction filed by the Public Utility Commission of Texas, Chisholm Trail Special Utility District, and the City of Georgetown, Texas (collectively, "the Commission"). Appellants sued for judicial review of a Commission order approving the transfer of Chisholm's certificated water-service area to Georgetown. The trial court agreed with the Commission that appellants' suit was jurisdictionally barred because appellants had not timely filed a motion for rehearing with the Commission and dismissed appellants' case. On appeal, appellants assert that their motion for rehearing was timely filed under newly enacted legislation and, in the alternative, that they were not required to file a motion for rehearing because the Commission lacked jurisdiction over the issue. We will affirm the judgment.
The underlying facts are undisputed. In November 2013, Georgetown and Chisholm submitted an application to transfer Chisholm's certificated water-service area to Georgetown.[1] The State Office of Administrative Hearings held a contested-case hearing on the matter in July 2015. After considering the administrative law judge's proposal for decision at an open meeting held in December 2015, at which appellants presented oral argument, the Commission issued a final order on January 13, 2016 approving the transfer application.
Appellants, who received notice of the Commission's order on January 15, 2016, filed a motion for rehearing on February 5, 2016. After the Commission took no action on their motion for rehearing, appellants brought the underlying suit for judicial review. The Commission responded with a plea to the jurisdiction, asserting that appellants' failure to timely file a motion for rehearing with the Commission deprived the trial court of jurisdiction over the matter. The trial court granted the plea and dismissed appellants' suit. Appellants challenge the trial court's judgment in two issues: (1) their motion for rehearing was timely because the Legislature's 2015 amendments to the Administrative Procedure Act (APA) extended the deadline to file a motion for rehearing from 20 to 25 days, see Act of May 22, 2015, 84th Leg., R.S., ch. 625, § 9, sec. 2001.146, 2015 Tex. Gen. Laws 2058, 2060 (codified at Tex. Gov't Code § 2001.146(a) ); and in the alternative, (2) they were not required to file a motion for rehearing because the Commission lacked jurisdiction over the transfer application.
Applicable deadline
A motion for rehearing is a jurisdictional prerequisite to filing a suit for judicial review of an administrative decision in a contested-case hearing. See Tex. Gov't Code § 2001.145(a) (specifying that "timely motion for rehearing is a prerequisite to an appeal in a contested case"); Lindsay v. Sterling , 690 S.W.2d 560, 563-64 (Tex. 1985) ("The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties."). In 2015, the *181 Texas Legislature amended the APA by, among other changes, extending the deadline for parties to file a motion for rehearing from 20 days to 25 days:
(a) A motion for rehearing in a contested case must be filed by a party not later than the 25th [20th] day after the date [on which] the decision or order that is the subject of the motion is signed ....
Act of May 22, 2015, 2015 Tex. Gen. Laws at 2060 (codified at Tex. Gov't Code § 2001.146(a) ("A motion for rehearing in a contested case must be filed by a party not later than the 25th day after the date the decision or order that is the subject of the motion is signed....")); see Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 1, sec. 2001.146, 1993 Tex. Gen. Laws 583, 748 (providing that "motion for rehearing in a contested case must be filed by a party not later than the 20th day after the date on which the party or the party's attorney of record is notified as required"). The Legislature specified in that same legislation that its changes to the deadline "apply only to an administrative hearing that is set ... on or after" September 1, 2015. Id. at §§ 11-12, 2015 Tex. Gen. Laws at 2061-62. The law further specifies, "A hearing set before [September 1, 2015], or any decision issued or appeal from the hearing, is governed by the law in effect when the hearing was set." Id. at § 11, 2015 Tex. Gen. Laws at 2061.
In an order dated March 4, 2015, the SOAH administrative law judge set the underlying administrative hearing for July 20, 2015, and that is the date on which the hearing began. Therefore, because the administrative hearing was set for hearing before September 1, 2015, the APA's 20-day deadline for motions for rehearing applied, not the newly enacted 25-day deadline. See id. More specifically, appellants' motion for rehearing was due "not later than the 20th day after the date [appellants were] notified ... of [the] decision or order." Act of May 4, 1993, 1993 Tex. Gen. Laws at 748. As such, because appellants received notice of the order on January 15, 2006, their motion for rehearing was due by February 4, 2016. But appellants filed their motion for rehearing on February 5, 2016.
In support of their argument on appeal that the 25-day deadline applies to their motion for rehearing, appellants contend that the phrase "administrative hearing" referenced in the legislation's statement of applicability includes not only "evidentiary hearings" before SOAH, but also all matters up to and including the agency final order or decision-i.e., here, the July 2015 hearing before SOAH through the PUC's January 2016 final order. See 2015 Tex. Gen. Laws at 2061 (providing changes apply to "administrative hearing that is set ... on or after the effective date of this Act"). Thus, appellants maintain, their "[c]ontested [c]ase did not conclude until January 13, 2016, when the PUC issued its [f]inal [o]rder." We disagree.
The phrase "administrative hearing" is not defined in either the 2015 legislation or elsewhere in the APA, but it is commonly used in this context to refer only to the adjudicative proceedings in an administrative matter-i.e., an evidentiary hearing held before a SOAH ALJ or other hearing examiner to resolve disputed fact issues in a contested administrative matter. See, e.g. , Texas Dep't of Pub. Safety v. Caruana , 363 S.W.3d 558, 559-60 (Tex. 2012) (describing request for contested-case hearing as request for "administrative hearing" and differentiating between agency decision and administrative hearing before SOAH); Lewis v. Metropolitan Sav. & Loan Ass'n , 550 S.W.2d 11, 13-14 (Tex. 1977) (referring to conduct of "administrative hearing that produced the record upon *182 which the agency acted"); Phillips v. Brazosport Sav. & Loan Ass'n , 366 S.W.2d 929, 934 (Tex. 1963) ; see also Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc. , 145 S.W.3d 170, 195 (Tex. 2004) (discussing legislation transferring agency's administrative hearings to SOAH); Richardson v. City of Pasadena , 513 S.W.2d 1, 4 (Tex. 1974) ("The right to cross examine adverse witnesses and to examine and rebut all evidence is not confined to court trials, but applies also to administrative hearings."). In fact, the applicability provision at issue here makes this very distinction:
The changes in law made by this Act ... apply only to an administrative hearing that is set ... on or after [September 1, 2015]. A hearing set before [September 1, 2015], or any decision issued or appeal from the hearing , is governed by the law in effect when the hearing was set....
(Emphasis added.) Likewise, in establishing SOAH's adjudicative purpose (versus agencies' executive function), SOAH's enabling legislation distinguishes administrative hearings from other agency actions:
(a) The State Office of Administrative Hearings is a state agency created to serve as an independent forum for the conduct of adjudicative hearings in the executive branch of state government. The purpose of the office is to separate the adjudicative function from the investigative, prosecutorial, and policymaking functions in the executive branch in relation to hearings that the office is authorized to conduct.
(b) [SOAH]:
(1) shall conduct all administrative hearings in contested cases under Chapter 2001 that are before a state agency that does not employ an individual whose only duty is to preside as a hearings officer over matters related to contested cases before the agency;
(2) shall conduct administrative hearings in matters for which the office is required to conduct the hearing under other law;
...
(4) may conduct, for a fee and under a contract, administrative hearings or alternative dispute resolution procedures in matters voluntarily referred to the office by a governmental entity.
Tex. Gov't Code § 2003.021 (emphases added). And that same enabling legislation defines an ALJ as "an individual who presides at an administrative hearing. " Id. § 2001.001 (emphasis added).
But even if we were to accept appellants' argument that the Legislature intended a completely different meaning for the phrase "administrative hearing" from the one that is commonly understood in the administrative context, the plain text of its legislation directs us to focus on when the administrative hearing "is set"-i.e., "prescribe[d] a time for," American Heritage Dictionary of the English Language 1603 (5th ed. 2011) (defining "set")-and not on when the administrative hearing is completed or when the final order is issued. If the Legislature had intended the applicability determination to depend on the completion of the hearing or on the agency's final order, it would have said so in the text. Accordingly, because SOAH set the underlying administrative hearing for July 20, 2015, the 2015 changes to the motion-for-rehearing deadline do not apply.
Appellants also argue, in the alternative, that even if they were subject to the 20-day filing deadline, their motion for rehearing was timely because under the APA they were "presumed to have been *183 notified on the third day after the date on which the notice [wa]s mailed," Tex. Gov't Code § 2001.142(c) -i.e., January 16, 2016-and, thus, the deadline for filing was twenty days later or February 5, the day they filed. But a presumption is "a rule which 'draws a particular inference as to the existence of one fact, not actually known, arising from its usual connection with other particular facts which are known or proved.' " Beck v. Sheppard , 566 S.W.2d 569, 571 (Tex. 1978) (quoting Lobley v. Gilbert , 149 Tex. 493, 236 S.W.2d 121, 123 (Tex. 1951) ); see Temple Indep. Sch. Dist. v. English , 896 S.W.2d 167, 169 (Tex. 1995) ("A presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary."). Here, appellants unequivocally conceded in their pleadings that they received actual notice of the order on January 15, 2016. As such, the statutory presumption is not implicated.
We overrule appellants' first issue.
Agency jurisdiction
In their second issue, argued in the alternative, appellants assert that they were not required to file a motion for rehearing because the Commission lacked jurisdiction over the transfer application. Specifically, appellants argue that the Commission "lacked authority and jurisdiction to exercise its economic regulatory authority under Chapter 13 of the Water Code" to, stated generally, render ineffective a statutorily created special utility district, to nullify landowners' and consumers' statutory rights, or to dissolve a special utility district. Appellants also specifically argue that the asset transfer agreement at issue here is illegal and that the PUC lacked authority to process or approve the agreement. We have already reviewed and rejected these and other related jurisdictional arguments challenging the same transfer application in our decision in Chisholm Trail SUD Stakeholders Group. v. Chisholm Trail Special Utility District , in which appellants here were intervenors. See No. 03-16-00214-CV, 2017 WL 2062258, at *4-11, & n.5 (Tex. App.-Austin May 11, 2017, pet. denied) (mem. op.).
We overrule appellants' second issue.
Conclusion
Having overruled appellants' issues, we affirm the trial court's judgment.

For a more detailed account of the underlying application, see our decision in Chisholm Trail SUD Stakeholders Group v. Chisholm Trail Special Utility District , in which we affirmed the trial court's grant of Chisholm Trail Special Utility District's plea to the jurisdiction. See No. 03-16-00214-CV, 2017 WL 2062258 (Tex. App.-Austin May 11, 2017, pet. denied) (mem. op.).