**Affirmed and Memorandum Opinion filed November 5, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00635-CV

### BLAYNE D. WILLIAMS, SR., Appellant

### V.

### CITY OF AUSTIN AND THE TEXAS COMMISSION ON LAW ENFORCEMENT, Appellees

**On Appeal from the 126th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-16-006042**

## MEMORANDUM OPINION

Appellant Blayne D. Williams, Sr., brings this appeal from the trial court's order granting a plea to the jurisdiction filed by the City of Austin and the Texas Commission on Law Enforcement (collectively "appellees").[1] We affirm.

---

[1] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to this court. We must therefore decide the case in accordance with the precedent of the Third Court of Appeals if our decisions otherwise would have been inconsistent with that court's precedent. *See* Tex. R. App. P. 41.3.

The parties are familiar with the facts and procedural history of the underlying case, which is discussed in detail in *Williams v. City of Austin*, No. 14-18-00262-CV, 2019 WL 3227513 (Tex. App.—Houston [14th Dist.] July 18, 2019, pet. filed). The issue upon which we decide this appeal is well-settled. Accordingly, we write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

In his petition, appellant pleaded:

8.      On October 6, 2016, the ALJ issued a decision and order (D&O) granting the MSD, denying Petitioner's request for relief, and upholding the F-5 Report. Exhibit A, attached in its entirety and incorporated by reference.

9.      On November 4, 2016, Petitioner timely filed a response to the D&O and a requested a motion for rehearing.

10.     On November 18, 2016, the ALJ denied the Petitioner's motion for rehearing and signed the order. Exhibit B, attached and incorporated by reference.

11.     This appeal is taken from the October 6, 2016 Decision and order from the AU, as Petitioner has exhausted all administrative remedies available and is entitled to judicial review.

Appellees' plea to the jurisdiction asserted because appellant's motion for rehearing was untimely filed, appellant failed to meet a statutory prerequisite to appeal the decision. Accordingly, appellees argued, the trial court lacked subject matter jurisdiction.

When a cause of action derives from a statute, the statutory provisions are mandatory and exclusive and must be complied with or the action is not maintainable for lack of jurisdiction. *Dolenz v. Texas State Bd. of Med. Examiners*, 899 S.W.2d 809, 811 (Tex. App.—Austin 1995, no writ). "Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't

Code § 311.034; *see also Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 243 (Tex. App.—Austin 2010, pet. denied) ("An appeal from an administrative agency is not a matter of right, it is set out by statute and must be strictly complied with in order to vest the district court with jurisdiction.").

A proceeding such as this one, to contest information in an F-5, is a contested case under Chapter 2001 of the Government Code. *See* Tex. Occ. Code § 1701.4525(a). A timely motion for rehearing is a prerequisite to an action for judicial review in a contested case. *See* Tex. Gov't Code § 2001.145(a). ("A timely motion for rehearing is a prerequisite to an appeal in a contested case"); *see also Fisher v. Pub. Util. Comm'n of Tex.*, 549 S.W.3d 178, 180 (Tex. App.—Austin 2018, no pet.) ("A motion for rehearing is a jurisdictional prerequisite to filing a suit for judicial review of an administrative decision in a contested-case hearing."). Failure to file a timely motion for rehearing results in the trial court lacking jurisdiction over a suit for judicial review of an administrative decision in a contested case. *See Fisher*, 549 S.W.3d at 180-83 (affirming a trial court's granting of a plea to the jurisdiction in a situation in which a party filed a motion for rehearing under Tex. Gov't Code § 2001.146 one day after the deadline).

To be timely, "[a] motion for rehearing in a contested case must be filed by a party not later than the 25th day after the date the decision or order that is the subject of the motion is signed, unless the time for filing the motion has been extended." Tex. Gov't Code § 2001.146(a). The record does not reflect, and appellant does not contend, the time for filing the motion for rehearing was extended.

The record reflects the decision being challenged by appellant was signed October 6, 2016. Thus, the requisite filing date of appellant's motion for rehearing was October 31, 2016. Appellant's petition states that he filed his motion for

3

rehearing on November 4, 2016, twenty-nine days after the date of the decision. The motion's certificate of service states "that on November 4, 2016, a true and correct copy of the attached Motion for Rehearing has been sent via United States mail.…"

Because appellant's pleadings state that his motion for rehearing was untimely filed, the pleadings affirmatively negate the existence of jurisdiction and it was unnecessary to allow appellant an opportunity to amend. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). Because the statutory prerequisite to timely file a motion for rehearing was not satisfied, the trial court lacked jurisdiction.

None of appellant's three issues claims that the motion for rehearing was placed in the mail on or before October 31, 2016. Appellant's issues and arguments are that:

- Appellant pled sufficient facts to invoke the court's jurisdiction;

- Appellees did not properly raise this challenge pre-trial;

- The Administrative Law Judge failed to document or indicate on the record that jurisdiction was properly conferred; and

- The Texas Commission on Law Enforcement lacks the requisite standing to be a party.

These arguments cannot overcome the untimely filing of appellant's motion for rehearing, which is a jurisdictional prerequisite to filing a suit for judicial review of an administrative decision in a contested-case hearing. *See Fisher*, 549 S.W.3d at 180. Accordingly, appellant's issues are overruled.

The judgment of the trial court is affirmed.

/s/ Margaret "Meg" Poissant
   Justice

Panel consists of Justices Christopher, Spain, and Poissant.