# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00566-CV

**Chisholm Trail SUD Stakeholders Group, Appellant**

**v.**

**The Chisholm Trail Special Utility District; Delton Robinson; C.E. ("Ed") Pastor; Mike Sweeney; James Pletcher; Pat Gower; Robert Kostka, David Maserang, Gary Goodman, and Robert Johnson, Jr., in their Official Capacities as Directors of the Chisholm Trail Special Utility District; and the City of Georgetown, Texas, Appellees**

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-15-003337, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## MEMORANDUM OPINION

Chisholm Trail SUD Stakeholders Group appeals from the trial court's order of final summary judgment dismissing the Stakeholders Group's claims against appellees Chisholm Trail Special Utility District, its directors, and the City of Georgetown with prejudice. Appellees have filed an opposed motion to dismiss this appeal as moot. Because this appeal has become moot, we grant appellees' motion, set aside the trial court's order of final summary judgment, and dismiss this case for lack of subject matter jurisdiction.

## Background

The Stakeholders Group's suit primarily complains about the asset transfer and utility system consolidation agreement and amendments between the City and the District

(Agreement). *See Chisholm Trail SUD Stakeholders Grp. v. Chisholm Trail Special Util. Dist.*, No. 03-16-00214-CV, 2017 Tex. App. LEXIS 4285, at \*1–7 (Tex. App.—Austin May 11, 2017, pet. denied) (mem. op.) (describing background of parties' dispute).[1]

In the Stakeholders Group's last-filed petition, the Third Amended Petition, the Stakeholders Group alleged that the District and its directors had violated the Texas Open Meetings Act (TOMA) concerning the Agreement and transfer of assets and liabilities between the District and the City.[2] *See generally* Tex. Gov't Code §§ 551.001–.146. The Stakeholders Group sought declarations that the District and its directors had violated TOMA and thus that the Agreement and transfer between the District and the City were void and an injunction to enjoin and prevent the District and its directors from continuing to violate TOMA. *See id.* §§ 551.141 (stating that "action taken by a governmental body in violation of this chapter is voidable"), .142 (authorizing "interested person" to "bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body").

---

[1] The Public Utility Commission and its commissioners were parties in the underlying case, but the claims asserted against them have been dismissed. *See Chisholm Trail SUD Stakeholders Grp. v. Chisolm Trail Special Util. Dist.*, No. 03-16-00214-CV, 2017 Tex. App. LEXIS 4285, at \*22–23, 26 (Tex. App.—Austin May 11, 2017, pet. denied) (mem. op.) (concluding that Stakeholders Group failed to establish trial court's jurisdiction over its pleaded claims against Public Utility Commission and its commissioners and affirming trial court's order granting plea to jurisdiction as to those claims).

[2] In its first issue, the Stakeholders Group argues that the trial court abused its discretion by striking the Third Amended Petition. Although we consider the Third Amended Petition for purposes of resolving appellees' motion to dismiss, our analysis would not change if we considered the Second Amended Petition because the allegations and relief sought in the petitions are substantively the same for purposes of this analysis.

**Appellees' Motion to Dismiss**

Appellees' motion to dismiss is based on the mootness doctrine. The mootness doctrine prevents courts from rendering advisory opinions. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). A case becomes moot if the controversy between the parties ceases to exist at any stage of the litigation, including the appeal. *City of Krum v. Rice*, 543 S.W.3d 747, 749–50 (Tex. 2017); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *see Meeker v. Tarrant County Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied) ("An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy."); *Texas Health Care Info. Council v. Seton Health Plan Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied) (explaining that case becomes moot "when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy"). If a controversy ceases to exist, the case becomes moot, and the parties lose standing to maintain their claims. *Lara*, 52 S.W.3d at 184. When a case becomes moot, "the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Heckman*, 369 S.W.3d at 162; *see Rice*, 543 S.W.3d at 750.

In their motion to dismiss, appellees argue that "there is no requested relief in this matter that can be granted." Appellees represent that the District has been dissolved pursuant to section 7219 of the Texas Special District Local Laws, which authorized the District after August 31, 2019, regardless of the status of pending litigation, to vote to dissolve and transfer its

operations, management, assets, and liabilities to the City. *See* Tex. Spec. Dist. Code §§ 7219.051(b) (authorizing District to vote on issue of dissolution after August 31, 2019, regardless of pending litigation), .053 (providing for City's assumption of District's operations, management, assets, and liabilities upon District's dissolution pursuant to statute). Appellees attached a certified copy of the Order of Dissolution to their motion. The order reflects that the District's Board of Directors held a public hearing on September 30, 2019, wherein they unanimously voted to adopt the order, dissolving the District and transferring its operations, management, assets, and liabilities to the City on October 8, 2019, thereby effectuating the transfer of assets and liabilities that also were transferred in the Agreement. *Id.* §§ 7219.052 (describing required hearing and order to dissolve District), .053 (stating that on date that District dissolved, City assumes control of operations and "all rights, duties, and obligations of the [D]istrict").

Also attached to appellees' motion to dismiss is a copy of the Public Utility Commission's final order that approved the application to transfer the District's certified water-service area to the City. This final order is no longer subject to appeal. *See Fisher v. Public Util. Comm'n of Texas*, 549 S.W.3d 178, 180 (Tex. App.—Austin 2018, no pet.) (affirming judgment granting pleas to jurisdiction in suit challenging "judicial review of a Commission order approving the transfer of Chisholm's certificated water-service area to Georgetown"). Because the District's Board adopted the Order of Dissolution after the process for transferring the District's certificate of convenience and necessity to the City was complete, the Order of Dissolution also is "final and may not be appealed in any manner." *See* Tex. Spec. Dist. Code § 7219.054 (stating that "board's order dissolving the [D]istrict is final and may not be appealed in any manner . . . if the board's order is entered after the completion of the process

4

to transfer the [D]istrict's certificate of convenience and necessity, including any necessary approval of a state agency").

The Stakeholders Group has filed a response to appellees' motion to dismiss arguing that the motion is not properly before this Court because the motion is "unverified" and relies on evidence that is not contained in the trial court record. This Court, however, may consider evidence that is not contained in the trial court record for jurisdictional purposes. *See* Tex. Gov't Code § 22.220(c) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."); *Richards v. Richards*, 371 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (noting that appellate court may consider affidavits and other evidence when considering motion to dismiss for lack of jurisdiction); *see also Meeker*, 317 S.W.3d at 759 (explaining that court could only determine whether appeal was moot by considering evidence of matters occurring subsequent to trial court's order because "[m]ootness is a matter that ordinarily arises after the rendition of the judgment or order appealed from" and "for that purpose alone," considering evidence attached to motion to dismiss). We also observe that the motion complied with rule 10.2 of the Texas Rules of Appellate Procedure to the extent that this rule required the motion to be verified. *See* Tex. R. App. P. 10.2 (stating that motion must be verified when it depends on facts that are not in record, not within trial court's knowledge in its official capacity, and not within the personal knowledge of attorney signing motion, "in which case the motion must be supported by affidavit or other satisfactory evidence"). Appellees' evidence included a sworn certificate with the Order of Dissolution in which the Secretary of the District's Board certified the Order of Dissolution, and the Commission's final order is within this Court's knowledge. *See Fisher*, 549 S.W.3d at 180.

5

The Stakeholders Group also attacks the Order of Dissolution itself, questioning its validity based on the location of the board meeting and the notice that was provided, and the constitutionality of section 7219.053 of the Texas Special District Local Laws, arguing that it violates Article III, section 56 of the Texas Constitution and the District's residents' rights to access Texas courts. Among its arguments, the Stakeholders Group argues that: (i) "this Court would need to conduct a hearing, receive evidence and consider the validity of the Order, including proper notice and the constitutionality of the statute under which it was adopted"; (ii) the Stakeholders Group "would be entitled to obtain significant discovery on the issue, including whether the notice was properly published and posted, whether notice was provided to the TCEQ and what justification the board made for holding the meeting outside the district"; (iii) the Order "creates a new controversy concerning facts not established in the record which will likely involve complex litigation"; and (iv) "ruling that the controversy is now moot would violate the fundamental foundation of [TOMA]."

The Stakeholders Group, however, has not cited, and we have not found, authority that would allow the Stakeholders Group in this appeal to collaterally attack the Order of Dissolution, which is final and may not be appealed. *See* Tex. Spec. Dist. Code § 7219.054 (stating that order dissolving district is "final and may not be appealed in any manner . . . if the board's order is entered after the completion of the process to transfer the district's certificate of convenience and necessity, including any necessary approval of a state agency"); *see also Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) ("A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not initiated for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against."); *Chocolate Bayou Water Co. & Sand Supply*

6

*v. Texas Nat. Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin 2003, pet. denied) (explaining that collateral attacks upon agency order may be maintained on sole ground that order is void either because it shows on its face that agency exceeded its authority or it was procured by extrinsic fraud).

After the District's Board adopted the Order of Dissolution, any ruling by this Court granting the Stakeholders Group's requested declarations—that the District and its directors violated TOMA and thus that the "agreement and transfer" between the District and the City "is void"—would have no effect because the challenged transfer between the District and the City has taken place pursuant to the Order of Dissolution. *See Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 130-31 (Tex. App.—Austin 2007, no pet.) (explaining that "declaratory judgment action does not vest a court with jurisdiction 'to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy'" (quoting *Firemen's Ins. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968))). Further, any ruling granting the Stakeholders Group's requested relief to enjoin the District and its directors from future TOMA violations would have no effect. A future TOMA violation is not possible because, pursuant to the Order of Dissolution, the District has been dissolved and has no directors. Thus, we hold that the Stakeholders Group's claims in its Third Amended Petition are moot in light of the Order of Dissolution.

**Conclusion**

Because the Stakeholders Group's claims have become moot, we lack jurisdiction over this appeal.[3] Accordingly, we grant appellees' motion to dismiss, vacate the trial court's order of final summary judgment, and dismiss this case for lack of jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Vacated and Dismissed

Filed: March 18, 2020

_____

[3] Because we conclude that the Stakeholders Group's claims are moot, we also conclude that its request for attorney's fees in the Third Amended Petition is moot. The Stakeholders Group requested attorney's fees pursuant to section 37.009 of the Uniform Declaratory Judgments Act, *see* Tex. Civ. Prac. & Rem. Code § 37.009 (authorizing award of attorney's fees "as are equitable and just"), but its underlying substantive claim was based on alleged TOMA violations and only a prevailing party may recover attorney's fees in an action based on a TOMA violation, *see* Tex. Gov't Code § 551.142(a), (b) (authorizing court to assess costs and reasonable attorney's fees "incurred by a plaintiff or defendant who substantially prevails in an action" for mandamus or injunctive relief "to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body"). Because the Stakeholders Group's underlying substantive TOMA claims are moot, it cannot prevail on those claims and, therefore, its request for attorney's fees is moot. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7–8 (Tex. 2018) (explaining when claim for attorney's fees becomes moot because underlying substantive claim is moot); *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011) (holding that recovery of attorney's fees under UDJA was unavailable because party's claim for attorney's fees was "incidental to his central theory of relief which arises squarely under the TPIA"); *Riley v. Commissioners Court of Blanco County*, 413 S.W.3d 774, 777–78 (Tex. App.—Austin 2013, pet. denied) (explaining redundant remedies doctrine in context of claim for declaratory relief that was based on TOMA violation); *Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 708–09 (Tex. App.—Austin 2013, no pet.) (holding that trial court lacked jurisdiction to award party attorney's fees under UDJA because UDJA may not be used as "vehicle for obtaining otherwise impermissible attorney's fees"); *Strayhorn v. Raytheon E-Sys., Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied) (explaining that "UDJA claim brought merely to receive attorney's fees will not lie").