PER CURIAM
This interlocutory appeal arises from respondent Taylor Rice's suit contesting the validity of a sex offender residency restrictions ordinance enacted by petitioner, the City of Krum. Krum presents issues regarding Rice's standing to bring this suit and the trial court's jurisdiction over a civil challenge to an allegedly penal ordinance. We do not reach these issues, however, because Rice's claims were rendered moot during the pendency of the appeal. Accordingly, we vacate the judgments of the court of appeals and the trial court, and we dismiss the case as moot.
In 2014, Rice pled guilty to sexual assault of a fourteen-year-old. Rice agreed to deferred adjudication community supervision, the terms of which barred him from going "within 1,000 feet of a premise where children commonly gather, including a ... playground," until 2024. Rice also had to register as a sex offender under Article 62 of the Texas Code of Criminal Procedure. At the time, the City of Krum had in place a sex offender residency restrictions ordinance (SORRO) prohibiting registered sex offenders who had committed violations involving minors under the age of sixteen from residing "within 2,000 feet of any premises where children commonly gather."
Before his arrest, Rice lived in Krum with his parents, whose house is seventy-seven feet from the Krum Municipal Park. Following his guilty plea, the SORRO barred Rice from living in that house, and the terms of his community supervision prohibited him from even going there. Nonetheless, Rice returned to his parents' house after his release, and he alleges that Krum police officers ordered him to vacate the residence under threat of enforcement of the SORRO. Rice sued Krum in 2015, challenging the SORRO's validity on the ground that, as a general-law city, Krum lacked the authority to pass such an ordinance.[1] His alleged harm *749 was that he wished to live with his parents or to "establish his residence at another location within the City of Krum prohibited by [the] SORRO." Krum filed a plea to the jurisdiction, arguing that Rice lacked standing to sue. The trial court denied Krum's plea, and Krum filed an interlocutory appeal.
On appeal, Krum continued to challenge Rice's standing, arguing that his claimed injury was not traceable to Krum or the SORRO because the terms of his community supervision already prevented him from living at his parents' house. Krum also argued that the trial court lacked jurisdiction to hear Rice's civil challenge to the SORRO, which Krum contended was a penal ordinance. A divided court of appeals affirmed the order denying Krum's plea to the jurisdiction. 508 S.W.3d 808 (Tex. App.-Fort Worth 2016). The court held that Rice had standing because the restriction in Krum's SORRO (2,000 feet from a place where children gather) was broader than that of Rice's community supervision (1,000 feet from such a place). Id. at 820. The court concluded that Rice's alleged general desire to live somewhere in Krum that violated the SORRO was enough to establish an injury, as the SORRO was the only restriction in effect between 1,000 feet and 2,000 feet from a place where children gather. Id. Further, the court interpreted the SORRO as a civil or regulatory ordinance in its intent and effect despite its penal language. Id. at 818.
Krum filed a petition for review in this Court reiterating its jurisdictional arguments. While Krum's petition was pending, the Texas Legislature passed House Bill 1111, which enables general-law municipalities to prohibit registered sex offenders from going near "child safety zones" defined as "premises where children commonly gather." Act of May 26, 2017, 85th Leg., R.S., ch. 997, § 3, 2017 Tex. Sess. Law Serv. 4027 (codified at TEX. LOCAL GOV'T CODE § 341.906 ). The statute's effective date was September 1, 2017. Id. § 5, 2017 Tex. Sess. Law Serv. at 4028. Among other things, the statute also caps the distance of any restrictions at 1,000 feet. TEX. LOCAL GOV'T CODE § 341.906(d), (f). Krum has since passed an amended SORRO.[2] The amended ordinance prohibits registered sex offenders from living within 1,000 feet of a child safety zone as defined in section 341.906. Krum, Tex., Code of Ordinances ch. 8, §§ 8.05.001, .002(a)(2017).
In light of these developments, we must consider whether Rice's challenge to the SORRO is moot. A case is moot when either no "live" controversy exists between the parties, or the parties have no legally cognizable interest in the outcome. Williams v. Huff , 52 S.W.3d 171, 184 (Tex. 2001). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." Heckman v. Williamson Cty. , 369 S.W.3d 137, 162 (Tex. 2012). A case may become moot at any time, including while on appeal, *750 and it may happen as a result of a change in the law. See id. at 166-67 (recognizing that intervening events like a repeal of or change in the law may moot a challenge). When a case becomes moot, the parties no longer have standing, Huff , 52 S.W.3d at 184, which requires the court to dismiss for lack of jurisdiction. Heckman , 369 S.W.3d at 150-51. In turn, the court should set aside all previous judgments in addition to dismissing the entire cause. Carrillo v. State , 480 S.W.2d 612, 619 (Tex. 1972) ; Freeman v. Burrows , 141 Tex. 318, 171 S.W.2d 863, 863 (1943).
We hold that Rice's challenge to the SORRO is moot in light of the passage of Texas Local Government Code section 341.906. Krum's amendments to its SORRO, and Rice's community supervision terms. The alleged basis for Rice's interest in the proceedings-the gap between the distance requirements of his community supervision and the prior version of the SORRO-no longer exists. The restrictions imposed by the SORRO and the terms of Rice's community supervision are now coextensive vis-à-vis where in Krum Rice may lawfully reside. Consequently, any ruling by this Court about the SORRO's validity would have no effect on Rice's rights because the community-supervision restriction would still be in place. Therefore, we hold that Rice's challenge is moot.
Because Rice's claims have been rendered moot by changes in the law, the courts lack jurisdiction over those claims. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant Krum's petition for review, vacate the judgments of the court of appeals and the trial court, and dismiss the case for lack of jurisdiction.

General-law municipalities "possess those powers and privileges that the State expressly confers upon them." Tex. Dep't of Transp. v. City of Sunset Valley , 146 S.W.3d 637, 645 (Tex. 2004). By contrast, home-rule municipalities, which "derive their powers from the Texas Constitution," "possess the full power of self government and look to the Legislature not for grants of power, but only for limitations on their power." Town of Lakewood Vill. v. Bizios , 493 S.W.3d 527, 531 (Tex. 2016) (citations and internal quotation marks omitted).

Krum passed a revised SORRO on July 10, 2017, with the same September 1 effective date as section 341.906. The SORRO currently enshrined in Krum's Code of Ordinances contains amendments adopted September 6, 2017, that are substantively identical to the July 10 amendments. It thus appears that Krum re-adopted the SORRO amendments after section 341.906 's effective date. This opinion refers to the ordinance currently embodied in Krum's Code of Ordinances.