**Motion Granted; Appeal Dismissed and Memorandum Opinion filed July 19, 2018.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-17-00473-CV

## TEXAS VOICES FOR REASON AND JUSTICE, INC., Appellant

## V.

## THE CITY OF MEADOWS PLACE, TEXAS, Appellee

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-DCV-228792**

## M E M O R A N D U M     O P I N I O N

This appeals concerns a sex-offender residency restriction ordinance (SORRO) enacted by the City of Meadows Place in Fort Bend County. Appellee Meadows Place moved to dismiss the appeal as moot due to legislation effective September 1, 2017. We agree the appeal is moot and grant the motion to dismiss.

## BACKGROUND

Meadows Place's SORRO prohibits certain sex offenders from permanently or temporarily residing within 2,000 feet of any premises where children commonly gather, including schools, daycares, playgrounds, and other places. *See* Meadows Place, Tex., Code of Ordinances ch. 130, § 130.67(A) (2006). Specific categories of people are excepted from the ordinance, including, as possibly relevant in this case, those who established their permanent or temporary residence and complied with all the sex offender registration requirements before the ordinance was adopted. *See id.* § 130.67(C)(1). Violation of section 130.67 is a misdemeanor punishable by fine only. *Id.* § 130.99(H)(2).

Appellant Texas Voices for Reason & Justice (Voices) is a Texas non-profit corporation whose members include people subject to Meadows Place's SORRO. Voices sued Meadows Place in December 2015 for injunctive and declaratory relief, asking the trial court to declare the SORRO unconstitutional because Meadows Place, as a general-law city,[1] had no authority to enact it. The SORRO at issue is similar to many enacted by general-law cities around the state, and Voices has reportedly challenged other SORROs in lawsuits similar to this one. Voices sought attorneys' fees and costs under the Declaratory Judgments Act but did not seek money damages.

Meadows Place answered and filed a plea to the jurisdiction on two grounds: (1) Voices lacked standing because it, an entity, was not itself subject to the SORRO, and (2) the civil trial court lacked jurisdiction because the SORRO is penal in nature.

---

[1] A general-law city, typically with a population fewer than 5,000 people, has limited powers: it operates according to specific grants of power by the Texas Legislature. By contrast, a home-rule city derives its power from the Texas Constitution, operates by its city's charter, and looks to the Legislature only for limitations on its default power. In short, a general-law city asks the Legislature what it may do, and a home-rule city asks what it may not do. *See City of Krum v. Rice*, 543 S.W.3d 747, 748 & n.1 (Tex. 2017) (per curiam).

The trial court granted the plea to the jurisdiction without specifying the basis and dismissed the case in May 2017.

Not long after the case was dismissed, the Texas Senate signed H.B. 1111, which created section 341.906 of the Local Government Code. Act of May 29, 2017, 85th Leg., R.S., ch. 997, § 3, 2017 Tex. Sess. Law Serv. 4027 (codified at Tex. Loc. Gov't Code Ann. § 341.906 (West Supp. 2017)). The act became effective September 1, 2017. Section 341.906 allows general-law cities to enact SORROs. *See generally* Tex. Loc. Gov't Code Ann. § 341.906.

The permissible terms of a SORRO created under section 341.906 largely mirror or are broader than those of the Meadows Place SORRO existing at the time section 341.906 was adopted. For example, both apply to people convicted of or placed on deferred adjudication of certain enumerated offenses, though the section 341.906 SORRO includes many more offenses, and both have a grandfather clause for people who established their residence before the ordinance went into effect. However, the section 341.906 SORRO terms differ from the Meadows Place SORRO terms in two material ways:

- *Distance*. Section 34.1.906 allows a maximum distance requirement of 1,000 feet. The Meadows Place SORRO has a 2,000 feet distance requirement.

- *Procedure for permissive exemptions*. Section 341.906 requires a SORRO to establish procedures for a sex offender to apply for an exemption. The Meadows Place SORRO does not contain an exemption procedure.

In response to section 341.906, Meadows Place passed two ordinances in the fall of 2017 amending its SORRO. The first, Ordinance No. 2017-23, was passed on August 22, 2017, and changes the distance requirement from 2,000 feet to 1,000 feet.

The second, Ordinance 2017-30, was passed on October 24, 2017, and establishes a procedure for applying for an exemption from the SORRO.

## MOOTNESS

Meadows Place contends Voices' appeal is moot because, regardless of whether the SORRO was originally unauthorized or improper, it is now authorized by and complies with section 341.906. Voices contends its appeal is not moot because the Meadows Place SORRO, even as amended, violates section 341.906.

***Governing law.*** A case is moot when either no live controversy exists between the parties, or the parties have no legally cognizable interest in the outcome. *City of Krum v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam); *Williams v. Huff*, 52 S.W.3d 171, 184 (Tex. 2001). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *City of Krum*, 543 S.W.3d at 749 (quoting *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012)). A case may become moot at any time, including on appeal, and it may happen due to a change in the law. *City of Krum*, 543 S.W.3d at 749–50; *Heckman*, 369 S.W.3d at 166–67. When a case becomes moot, the parties no longer have standing, and the court must vacate all previous judgments and dismiss the case for lack of jurisdiction. *City of Krum*, 543 S.W.3d at 750 (citing *Carrillo v. State*, 480 S.W.2d 612, 619 (Tex. 1972), and *Freeman v. Burrows*, 171 S.W.2d 863, 863 (Tex. 1943)).

***City of Krum v. Rice.*** Meadows Place relies on *City of Krum v. Rice*, a recent decision in which the Texas Supreme Court concluded section 341.906 mooted a petition for review about the constitutionality of a SORRO. *City of Krum* is similar to this case, but it varies in its plaintiff: there it was an individual, Taylor Rice, and here it is an entity, Voices. Rice was on deferred adjudication community supervision for sexual assault of a fourteen-year-old child. 543 S.W.3d at 748. The terms of his community supervision prevented him from going within 1,000 feet of

4

a place where children commonly gather (now referred to as a child safety zone). *Id.* The City of Krum's existing SORRO prevented him from residing within 2,000 feet of such a child safety zone. *Id.* Before his arrest, Rice lived with his parents in their house, which was 77 feet away from a child safety zone (a city park). *Id.* Rice wanted to live in that house or somewhere else in Krum. *Id.* Represented by the same counsel as Voices, Rice sued Krum, a general-law city, asserting it lacked authority to enact the SORRO. *Id.* He alleged his harm—not being able to live where he chose—arose from the distance gap between his community supervision restriction of 1,000 feet and the SORRO's restriction of 2,000 feet. *Id.* at 748–49. That is, he could properly live, say, 1,500 feet away from a child safety zone under the terms of his community supervision but not under the SORRO.

Like Meadows Place, Krum filed a plea to the jurisdiction on two grounds: (1) Rice lacked standing, and (2) the civil trial court lacked jurisdiction because the SORRO was civil. *Id.* at 749. Krum's standing argument was different than Meadows Place's. Meadows Place contends Voices, an entity, lacks standing because it was not harmed itself. Krum contended Rice, an individual, lacked standing because his injury was not traceable to the SORRO, because the terms of his community supervision also barred him from living where he chose. *Id.* The trial court denied the plea to the jurisdiction, and a divided court of appeals affirmed. Krum filed a petition for review. *Id.*

Section 341.906 became effective while Krum's petition for review was pending. Also during that time, Krum amended its SORRO to comply with the requirements of section 341.906. The supreme court held the parties' dispute was moot in light of section 341,906, Krum's amendments to its SORRO, and Rice's community supervision terms. *Id.* at 750. The court wrote:

The alleged basis for Rice's interest in the proceedings—the gap

5

between the distance requirements of his community supervision and the prior version of the SORRO—no longer exists. The restrictions imposed by the SORRO and the terms of Rice's community supervision are now coextensive vis-à-vis where in Krum Rice may lawfully reside. Consequently, any ruling by this Court about the SORRO's validity would have no effect on Rice's rights because the community supervision restriction would still be in place. Therefore, we hold that Rice's challenge is moot.

*Id.*

Voices asserts *City of Krum* is factually distinguishable from this case because Rice's residence was restricted both by the Krum SORRO and the terms of his community supervision, whereas K.D.J., the member of Voices who is at issue in this case, is not subject to a residency restriction by the terms of her community supervision. That is, Rice would still be restricted in his residence if the Krum SORRO did not apply, whereas K.D.J. would be permitted to live anywhere she chooses if the Meadows Place SORRO did not apply. That distinction might be meaningful if we were to conclude the Meadows Place SORRO is void, because then nothing would restrict K.D.J.'s residence. But this is the very question before us: has the issue of Meadows Place's SORRO's validity been mooted by section 341.906? Voices' argument as to **why** the appeal is not moot improperly presupposes a **conclusion** that the appeal is not moot.

Voices also contends the Meadows Place SORRO, even as amended, does not comply with section 341.906 because the amended Meadow Place SORRO's grandfather clause violates section 341.906. However, that is irrelevant to the question of whether this appeal is moot, because Voices' live petition contends only that the Meadows Place SORRO was unauthorized, not that it violates section 341.906. That was the question before the trial court, and it is the question before this court. Indeed, whether the Meadows Place SORRO violates section 341.906

6

could not have been before the trial court, because the trial court dismissed the underlying case before the section was adopted, let alone became effective.

## CONCLUSION

Our decision whether the Meadows Place SORRO was originally authorized "cannot affect the parties' rights or interests" because it is authorized now. *Heckman*, 369 S.W.3d at 162. Accordingly, the appeal is moot.

We GRANT Meadows Place's motion to dismiss and DISMISS the appeal for lack of jurisdiction.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Donovan.
(J. Jamison would carry the motion with the case)