

# NUMBER 13-18-00501-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JACKSON-HOUSTON EAST, LTD

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Contreras[1]**

Relator Jackson-Houston East, Ltd. filed a petition for writ of mandamus in the above cause on September 13, 2018. Through this original proceeding, relator seeks to compel the trial court to grant a trial continuance and to compel the pretrial disclosure of a settlement allocation. Relator contends that the trial court erred in allowing a case to proceed to trial without having an allocation and approval of minor settlement proceeds where the plaintiffs and a co-defendant have reached an enforceable settlement

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

agreement.  Relator has also filed an opposed emergency motion for temporary relief seeking to stay the September 17, 2018 trial of the underlying cause of action.

Real parties in interest, Miguel Cedillo Jr., Justina Cedilla, and Bernadina Salinas as next friend of minors B.C. and J.C., have filed a letter advising the Court that this original proceeding has been rendered moot because "the settlement allocations have been finalized and submitted to the Court" and that "information has also been provided to [relator]."  These real parties request that we dismiss relator's petition for writ of mandamus and emergency motion as moot.  Relator has filed a response to the real parties' letter in which it contends that the matter has not been rendered moot because, inter alia, the settlement allocation has not been finalized through court approval.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the additional filings provided by the parties to this original proceeding, is of the opinion that this matter has been rendered moot.  *See City of Krum, Tex. v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam) (stating that a case is moot when either no live controversy exists between the parties or the parties have no legally cognizable interest in the outcome); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal.").  Accordingly, we dismiss the petition for writ of mandamus and the opposed emergency motion for temporary relief as moot.  *See* TEX. R. APP. P. 52.8(a).

DORI CONTRERAS
Justice

Delivered and filed the 14th
day of September, 2018.

2