

**NUMBER 13-18-00507-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE DIANNA BERNSEN**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria[1]**

Relator Dianna Bernsen filed a petition for writ of mandamus in the above cause seeking to compel the trial court to rule on her motion to dismiss filed on July 27, 2017 and her supplemental motion to dismiss filed on February 20, 2018. *See* TEX. R. CIV. P. 91a (governing the dismissal of baseless causes of action). This Court requested that the real parties in interest, Leon R. Bernsen Sr.; guardian ad litem Tony Pletcher; Bernsen

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Farms, Ltd.; Lea Bernsen Brown as next friend of Leon R. Bernsen Sr.; Lynn Bernsen Allison; and Sue Bernsen as independent executrix of the estate of Leon R. Bernsen Jr., deceased; or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Leon R. Bernsen Sr. filed a response to the petition for writ of mandamus and Sue Bernsen, as independent executrix of the estate of Leon R. Bernsen Jr., advised the court that she took no position on the petition and would not be filing a response on the merits. None of the remaining real parties filed a response to the petition.

On October 3, 2018, Dianna Bernsen and Leon R. Bernsen Sr. filed an "Advisory and Joint Motion to Dismiss Petition for Writ of Mandamus." According to their motion, the trial court signed an order on October 1, 2018, which denied relator's motion to dismiss and resolved this controversy. These parties assert that the trial court has cured the alleged error presented here and this original proceeding has been rendered moot. They request that we dismiss this original proceeding.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the additional filings provided by the parties to this original proceeding, is of the opinion that this matter has been rendered moot. *See City of Krum, Tex. v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam) (stating that a case is moot when there is not a live controversy between the parties or when the parties have no legally cognizable interest in the outcome of the case); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732,

737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."). Accordingly, we GRANT the joint motion to dismiss this original proceeding and we DISMISS the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
Justice

Delivered and filed the
4th day of October, 2018.