# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00803-CV

Texas Commission on Environmental Quality, Toby Baker, in his Official Capacity as Executive Director,[1] and AES Generation Development, LLC, Appellants

v.

Patricia Gonzales, Appellee

FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-18-001561, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

MEMORANDUM OPINION

This is a dispute over an air quality permit issued by the Texas Commission on Environmental Quality to AES Generation Development, LLC. Patricia Gonzales sued the Commission, its Executive Director Toby Barker, (collectively TCEQ), to invalidate the permit, and AES intervened. Gonzales alleged that TCEQ failed to follow applicable notice requirements and that this failure prevented her from, among other things, requesting a contested case hearing to challenge AES's permit application. The district court denied appellants' pleas to the jurisdiction, and this appeal followed.

---

[1] This suit was originally brought against Richard A. Hyde, the former executive director of the Texas Commission on Environmental Quality, in his official capacity. We automatically substitute the name of his successor in that office, Toby Baker. *See* Tex. R. App. P. 7.2(a).

AES has filed an unopposed motion to withdraw its appeal advising that the permit has expired and arguing Gonzales's claims are moot as a result. We requested and received supplemental briefing from TCEQ and Gonzales. TCEQ agrees the case is moot, but Gonzales argues her claim for declaratory relief against TCEQ still presents a live controversy.[2]

Texas courts have no jurisdiction to decide moot cases. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). A case becomes moot when there ceases to be a justiciable controversy between the parties or if the parties have no legally cognizable interest in the outcome. *City of Krum v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id.* (quoting *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)). If a case becomes moot, the court must vacate all previously issued orders and judgments and dismiss the case. *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 527 (Tex. 2019).

TCEQ issued Air Quality Permit No. 138152 to authorize construction of AES's planned Deepwater Power Plant. The permit required that construction begin within eighteen months or it would expire automatically unless AES requested and received an extension. *See* 30 Tex. Admin. Code § 116.120(a) (2018) (Tex. Comm'n on Envtl. Quality, Voiding of Permits). The eighteen-month period expired on August 30, 2019, and AES chose not to seek an extension. Gonzales argues her claim is not moot despite the expiration because TCEQ could refuse to follow notice requirements in future permit proceedings. She rests her argument on the principle that "[a] defendant's cessation of challenged conduct does not, in itself, deprive a court of the power to hear or determine claims for prospective relief." *See*

_____

[2] Gonzales concedes that her suit for judicial review of the permit, application for injunctive relief, and petition for writ of mandamus are moot.

*Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). If it were otherwise, defendants could control "the jurisdiction of courts with protestations of repentance and reform, while remaining free to return to their old ways" after a suit is dismissed. *Id.*

Gonzales contends this case is similar to *Matthews* and this Court's decision in *Empower Texans, Inc. v. Texas Ethics Commission*, No. 03-16-00872-CV, 2018 WL 3678005 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op.). In *Matthews*, a group of cheerleaders sued to invalidate a school district's policy against displaying religious banners at school events. 484 S.W.3d at 417. The district rescinded its policy but reserved its right to regulate the content of the banners. *Id.* The Texas Supreme Court held the case was not moot because the school district had not been "absolutely clear" it would not restore the ban after the litigation ended. *See id.* at 418–19. Similarly, in *Empower Texans*, the Ethics Commission filed a petition to enforce a subpoena it had served on Empower Texans. 2018 WL 3678005, at *1. Empower Texans counterclaimed for a declaration that the Commission's statutory enforcement authority was unconstitutional. *Id.* The Commission nonsuited its enforcement action and argued the counterclaim was moot as a result. *Id.* at *3. This Court disagreed because the Commission had "never indicated that it would not act similarly in the event a new complaint was filed." *Id.* Both *Matthews* and *Empower Texans* concerned a defendant that had ceased the challenged conduct but could easily resume it. That concern is not applicable here because the permit did not become moot due to the cessation of challenged conduct by TCEQ. Instead, it became moot as a result of AES's failure to begin construction in time and its decision not to seek an extension. Moreover, TCEQ does not control who applies for a permit or whether the permittee will seek an extension. And now that this particular permit has expired, there is no longer a justiciable controversy between Gonzales and TCEQ. *See Heckman*, 369 S.W.3d at 162 (noting

appeal becomes moot "when the court's action on the merits cannot affect the parties' rights or interests").

We vacate the district court's order denying the pleas to the jurisdiction and dismiss the case for want of jurisdiction. *See* Tex. R. App. P. 43.2(e). We dismiss AES's motion to withdraw its appeal as moot.

_____

Edward Smith, Justice

Before Chief Justice Rose and Justices Triana and Smith

Vacated and Dismissed for Want of Jurisdiction

Filed: October 30, 2019