

# NUMBER 13-20-00005-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE JENNIFER GAYLE JANVIER**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria[1]**

On January 3, 2020, relator Jennifer Gayle Janvier filed a petition for writ of

mandamus seeking to compel the trial court to transfer the underlying case from Kleberg

County, Texas, to Victoria County, Texas, based on mandatory venue provisions found

in the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 155.201.  The Court requested

that the real party in interest, Justin Lee Todd, or any others whose interest would be

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. However, relator has now filed a motion to dismiss this original proceeding on grounds that the trial court has granted her motion to transfer, thereby rendering moot the relief requested in the petition for writ of mandamus.

The Court, having examined and fully considered the motion to dismiss, is of the opinion that it should be granted. *See City of Krum, Tex. v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam) (stating that a case is moot when either no live controversy exists between the parties or the parties have no legally cognizable interest in the outcome); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."). Accordingly, we GRANT relator's motion to dismiss this original proceeding and we DISMISS the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
Justice

Delivered and filed the
14th day of January, 2020.

2