**Opinion issued June 29, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-20-00311-CV**

———————————

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS DEPARTMENT OF PUBLIC SAFETY DIRECTOR STEVEN MCCRAW; AND TEXAS ATTORNEY GENERAL KEN PAXTON, Appellants**

**V.**

**MATTHEW BOVEE, Appellee**

---

**On Appeal from the 345th District Court**
**Travis County, Texas\***
**Trial Court Case No. D-1-GN-19-008849**

---

**O P I N I O N**

---

\*    Per the Texas Supreme Court's docket-equalization powers, this appeal was transferred from the Third Court of Appeals to this court on April 9, 2020. *See* TEX. GOV'T CODE § 73.001; Order Regarding Transfer of Cases from Courts of Appeals, Misc. Docket No. 20-9048 (Tex. Mar. 31, 2020). We aware unaware of any relevant conflict between the Third Court's precedent and ours. *See* TEX. R. APP. P. 41.3.

This is an interlocutory appeal from the trial court's orders denying a plea to the jurisdiction and granting an application for a temporary injunction in a suit challenging as unconstitutional the procedure by which the Texas Board of Pardons and Paroles (the Parole Board) determines whether to impose sex offender conditions on a parolee not convicted of a sex offense.

Matthew Bovee was convicted of the felony offense of injury to a child, sentenced to 10 years' confinement, and eventually released on parole, agreeing to undergo periodic evaluations by the Parole Board to determine whether to amend the conditions of his parole to include certain sex offender conditions. Upon his release, Bovee sued the Texas Department of Criminal Justice–Parole Division, Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety, and Ken Paxton, in his official capacity as Attorney General (collectively, TDCJ) in Travis County district court, seeking (1) a declaratory judgment that the Parole Board's procedure for determining whether to impose sex offender conditions on a parolee not convicted of a sex offense violates due process; (2) prospective injunctive relief from sex offender conditions imposed pursuant to the challenged procedure; and (3) damages for having been previously evaluated pursuant to the procedure.

TDCJ filed a plea to the jurisdiction, arguing that Bovee's suit is a challenge to the conditions of his parole (and thus a challenge to his final felony conviction)

and must therefore be brought as a habeas petition before the Court of Criminal Appeals, which has exclusive and original jurisdiction to grant postconviction habeas corpus relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. Bovee responded that his suit was properly filed in Travis County district court under Section 2001.038 of the Government Code, which grants the court original jurisdiction over an action for declaratory judgment to determine the validity or applicability of an agency rule (in this case, the rule establishing the Parole Board's challenged procedure) that interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege.

In two orders, the trial court denied TDCJ's plea to the jurisdiction and granted Bovee's application for a temporary injunction. TDCJ then filed the instant appeal, requesting that we reverse these two orders and render judgment dismissing Bovee's suit.

Before the appeal's submission, however, Bovee was discharged from parole; he is thus no longer threatened by the prospective imposition of sex offender conditions, as the Parole Board has no power to impose such conditions on a discharged parolee. We therefore vacate the trial court's orders denying the part of TDCJ's plea to the jurisdiction seeking dismissal of Bovee's declaratory judgment action and granting Bovee's application for temporary injunction and dismiss TDCJ's appeals from these orders as moot.

3

As for Bovee's remaining live claims for money damages, we hold these claims do not seek relief from his final felony conviction and therefore affirm the trial court's order denying the part of TDCJ's plea to the jurisdiction seeking dismissal of these claims.

**Background**

In May 2010, Bovee pleaded guilty to injury of a child and was sentenced to 10 years' confinement. In December 2019, Bovee was released on parole. As a condition to his release, Bovee agreed to undergo periodic evaluations by the Parole Board to determine the "need for sex offender counseling." The evaluations were to be conducted pursuant to Board Directive 148.300, which establishes the procedure by which the Parole Board determines whether to impose sex offender conditions on a parolee not convicted of a sex offense.

Shortly after his release, in January 2020, Bovee sued TDCJ in Travis County district court. In his petition, Bovee sought a declaratory judgment that Directive 148.300 violates due process and temporary and permanent prospective injunctive relief from sex offender conditions imposed pursuant to Directive 148.300. Bovee also asserted various tort claims, seeking damages for having been previously evaluated pursuant to Directive 148.300.

TDCJ filed a plea to the jurisdiction, arguing that Bovee's suit is a challenge to his final felony conviction and must therefore be brought as a habeas petition

4

before the Court of Criminal Appeals, which has exclusive and original jurisdiction to grant postconviction habeas corpus relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure.

Bovee responded that his suit was properly filed in Travis County district court under Section 2001.038 of the Government Code, which grants the court original jurisdiction over an action for declaratory judgment to determine the validity or applicability of an agency rule (in this case, Directive 148.300, the rule establishing the Parole Board's challenged procedure) that interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege.

In March 2020, the trial court signed two orders. The first denied TDCJ's plea to the jurisdiction. The second granted Bovee's application for a temporary injunction and ordered that TDCJ be temporarily enjoined from requiring Bovee to register as a sex offender or to participate in sex offender therapy.

TDCJ appeals.

## Discussion

On appeal, TDCJ raises two issues. In its first issue, TDCJ argues that the trial court erred in denying its plea to the jurisdiction because Bovee's suit constitutes a challenge to his final felony conviction and must therefore be brought as a habeas petition before the Court of Criminal Appeals, which has exclusive and original jurisdiction to grant postconviction habeas corpus relief from a final felony

5

conviction. In its second issue, TDCJ argues that the trial court erred in granting Bovee's application for a temporary injunction because an injunction against TDCJ is barred by sovereign immunity and Bovee failed to show a probable right to relief.

## A.    Mootness

Before addressing the merits of TDCJ's appeal, we address a preliminary and potentially dispositive jurisdictional issue. During the pendency of the appeal, in August 2020, Bovee was discharged from parole. Because Bovee has been discharged, he is no longer required to undergo periodic evaluations by the Parole Board to determine the "need for sex offender counseling." As a result, Bovee can no longer allege that Directive 148.300 interferes with or impairs, or threatens to interfere with or impair, his legal rights and privileges. TEX. GOV'T CODE § 2001.038(a) (permitting plaintiff to bring declaratory judgment action to determine validity of rule "if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff"). In light of this development, we must consider whether the issues presented for our review in this interlocutory appeal are moot.

"A case is moot when either no 'live' controversy exists between the parties, or the parties have no legally cognizable interest in the outcome." *City of Krum v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests."

*Id.* (quoting *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012)). "A case may become moot at any time, including while on appeal." *Rice*, 543 S.W.3d at 749–50. "When a case becomes moot, the parties no longer have standing, which requires the court to dismiss for lack of jurisdiction." *Id.* at 750.

Here, the first issue presented is whether the trial court erred in denying TDCJ's plea to the jurisdiction. To resolve this issue, we must determine whether jurisdiction over Bovee's declaratory judgment action and tort claims rests in the Travis County district court or in the Court of Criminal Appeals. Whether we hold jurisdiction rests in the former court or in the latter, our holding will not affect Bovee's rights and interests in his declaratory judgment action, since Bovee no longer has standing to bring the action in either court. Our holding will, however, affect Bovee's rights and interests in his tort claims, since Bovee's discharge from parole does not affect his standing to bring these claims. We hold that TDCJ's first issue is partially moot. Specifically, the part of the issue challenging the trial court's failure to dismiss Bovee's declaratory judgment action is moot, but the part of the issue challenging the trial court's failure to dismiss Bovee's tort claims is not.

The second issue presented is whether the trial court erred in temporarily enjoining TDCJ from imposing sex offender conditions on Bovee. Regardless of how we resolve the merits of this issue, our holding will not affect the parties' rights and interests. Because Bovee has been discharged from parole, TDCJ cannot require

7

Bovee to register as a sex offender, participate in sex offender therapy, or comply with any other sex offender condition. So assuming the trial court erred in issuing the injunction, a holding reversing the trial court and lifting the injunction will not award TDCJ any meaningful relief, and a holding affirming the trial court and leaving the injunction in place will not cause TDCJ any meaningful harm. We hold that TDCJ's second issue is moot.

Neither side disputes our mootness holdings. TDCJ nevertheless contends that even if these issues are moot, they fall under the "capable of repetition, yet evading review" exception to the mootness doctrine. We disagree.

"This exception applies only in rare circumstances." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). For it to apply, two elements must be satisfied: (1) the challenged conduct must be of such short duration that it cannot be reviewed before the issue becomes moot and (2) there must be a reasonable expectation that the challenged conduct will occur again if the appeal is not considered. *Id.* Neither element is satisfied here.

To satisfy the evading-review element, TDCJ had to show that the average parolee who is subjected to the application of Directive 148.300 is discharged from parole before he can fully litigate the validity of the rule. If the average parolee remains on parole for many years, then the challenged conduct (the application of Directive 148.300) is not likely to evade review. But if the average parolee remains

on parole for a much shorter time, say, less than a year (as was the case here), then the challenged conduct is likely to evade review. *See, e.g.*, Annual Statistical Report for the Texas Judiciary for Fiscal Year 2019 at 116 (7.2 months average time between filing and disposition of civil appeal). Thus, to satisfy the evading-review requirement, TDCJ had to present evidence of the average time a parolee not convicted of a sex offense spends on parole. TDCJ has presented no such evidence. We hold TDCJ has failed to show that the moot issues raised in its appeal satisfy the evading-review element.

To satisfy the capable-of-repetition element, TDCJ had to show that there is a reasonable expectation that Directive 148.300 will be applied again, or threatened to be applied again, *against Bovee*. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 164 (Tex. 2012) ("[T]he 'capable of repetition' exception generally applies only if the plaintiff can show that the claim is capable of repetition *as to him*."). But to conclude there is a reasonable expectation that Directive 148.300 will be applied against Bovee in the future would require us to assume Bovee will commit another crime (and thus once again be convicted, sentenced, and ultimately released on parole). The law doesn't allow us to make such an assumption; instead, it requires us to "assume that [Bovee] will conduct [his] activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by [TDCJ]." *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974). Thus,

TDCJ has not shown—indeed, cannot show—a reasonable expectation that the challenged conduct will occur again if the appeal is not considered. We hold TDCJ has failed to show that the moot issues satisfy the capable-of-repetition element.

We hold that we lack jurisdiction to review whether the trial court erred in denying the part of TDCJ's plea seeking dismissal of Bovee's declaratory judgment action. We further hold that we lack jurisdiction to review whether the trial court erred in temporarily enjoining TDCJ from imposing sex offender conditions on Bovee.

## B. Plea to the jurisdiction

We now consider whether the trial court erred in denying the part of TDCJ's plea seeking dismissal of Bovee's remaining live claims for money damages.

### 1. Standard of review

The existence of subject-matter jurisdiction is a question of law that can be challenged by a plea to the jurisdiction. *Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018); *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004). Thus, a plea to the jurisdiction is the proper procedural device for challenging a suit brought in one court when another court has continuing and exclusive jurisdiction. *Jansen v. Fitzpatrick*, 14 S.W.3d 426, 430–31 (Tex. App.—Houston [14th Dist.]

2000, no pet.). We review the trial court's denial of such a plea de novo. *Annab*, 547 S.W.3d at 612.

When, as here, the plea challenges the plaintiff's pleadings, rather than the existence of jurisdictional facts, we determine whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the suit. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). In doing so, we construe the pleadings liberally in the plaintiff's favor and look to his intent. *Id.* If the pleadings affirmatively negate jurisdiction, we must reverse the trial court's ruling and render judgment dismissing the suit (rather than remanding to afford the plaintiff an opportunity to amend). *Id.*

## 2. Analysis

TDCJ argues that the trial court erred in denying its plea because jurisdiction over Bovee's suit rests with the Court of Criminal Appeals, which has exclusive and original jurisdiction to grant postconviction habeas corpus relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. Bovee responds that jurisdiction rests in Travis County district court, which has original jurisdiction over an action for declaratory judgment to determine the validity of a state agency rule under Section 2001.038 of the Government Code.

Because Bovee's declaratory judgment action is moot, Section 2001.038 cannot be the basis for the trial court's jurisdiction over Bovee's remaining live

11

claims for money damages. But that does not necessarily mean the trial court erred in denying TDCJ's plea, since trial courts are courts of general jurisdiction. *See* GOV'T § 24.008. Thus, Bovee's claims would presumably fall within the trial court's general jurisdiction unless jurisdiction is conferred by law on another court. We therefore consider whether jurisdiction is conferred by Article 11.07 on the Court of Criminal Appeals.

Under Article 11.07, the Court of Criminal Appeals has exclusive and original jurisdiction to grant postconviction habeas corpus relief from a final felony conviction. *See* TEX. CODE CRIM. PROC. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction" and "[j]urisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals]."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("[O]nly the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings.").

If a suit seeks relief from a final felony conviction, it must be brought as a habeas petition before the Court of Criminal Appeals. *Keene*, 910 S.W.2d at 483. Thus, to determine whether jurisdiction over Bovee's suit rests with the Court of

12

Criminal Appeals, we must determine whether Bovee seeks relief from his final felony conviction.

In his remaining live claims, Bovee seeks damages for having been evaluated pursuant to Directive 148.300, which, as discussed, establishes the procedure by which the Parole Board determines whether to impose sex offender conditions on a parolee not convicted of a sex offense. In other words, Bovee seeks damages arising from a procedure used to determine certain conditions of his parole.

For habeas purposes, parole is a form of confinement. *Keene*, 910 S.W.2d at 483 ("Parole is a form of restraint which allows an applicant to pursue the [habeas corpus] remedies afforded under Article 11.07."); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) ("Our precedents make it clear that [parolees] are, indeed, confined for purposes of article 11.07."); *Ex parte Elliott*, 746 S.W.2d 762, 763 n.1 (Tex. Crim. App. 1988) (holding that "during his term of parole" parolee "is 'in custody' and 'confined'"); *State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.— Houston [1st Dist.] 2007, pet. ref'd) ("The terms 'confinement' and 'restraint' encompass . . . release on community supervision or parole.").

And relief from confinement is relief from a conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners must "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement"); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (suit must be brought

under habeas statute if it "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction or confinement"); *Hoang*, 872 S.W.2d at 697 ("[T]his Court alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of felonies in this State."); *see also Ex parte Henry*, WR-73,015-17, 2018 WL 5273939, at \*1 (Tex. Crim. App. Oct. 24, 2018) (order) (parolee properly brought suit seeking relief from imposition of sex offender conditions as habeas petition).

Thus, our analysis narrows: to determine whether jurisdiction over Bovee's suit rests with the Court of Criminal Appeals, we must determine whether Bovee's live claims seek relief from confinement.

The general rule is that a suit seeks relief from confinement if it challenges the fact or duration of confinement, but not if it merely challenges the rules, customs, and procedures affecting the conditions of confinement. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.").

There is, however, an important exception for the latter type of suits. If a suit challenges a rule, custom, or procedure affecting the conditions of confinement, and

establishing the basis for the requested relief will necessarily demonstrate the invalidity of a condition imposed, the suit must be brought as a habeas petition, regardless of whether it actually seeks relief from the condition. *See Wilkinson*, 544 U.S. at 81 (state prisoners must "use only habeas corpus (or similar state) remedies when they seek . . . a judicial determination that necessarily implies the unlawfulness of the State's custody"); *Heck*, 512 U.S. at 487 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

But if establishing the basis for the requested relief will *not* necessarily demonstrate the invalidity of a condition imposed, the suit may be brought as a civil action in trial court (in the absence of some other bar to the suit). *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (inmate challenging procedures employed by state to deprive him of good-time credits had to bring claims for declaratory judgment and damages as habeas petition but could bring claim for prospective injunctive relief as civil action when establishing basis for declaration and damages would necessarily imply invalidity of deprivation of good-time credits, but establishing basis for injunction would not); *Heck*, 512 U.S. at 487 ("[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any

15

outstanding criminal judgment against the plaintiff, the action should be allowed to proceed."); *Cook*, 37 F.3d at 168–69 (holding inmate's challenge to parole board procedure cognizable under Section 1983 when decision in inmate's favor would not entitle him to release); *Wade v. Davis*, CV H-19-0391, 2019 WL 2120520, at *3 (S.D. Tex. May 15, 2019) (rejecting state's argument that parolee's suit seeking release from condition of parole "must be raised under § 1983 and that habeas review is improper").

Applying the law here, we arrive at the dispositive issue: whether Bovee will necessarily demonstrate the invalidity of a condition of his parole by establishing the basis for the damages he seeks. If so, jurisdiction rests with the Court of Criminal Appeals, and Bovee's live claims must be dismissed. If not, Bovee's live claims should be allowed to proceed in Travis County district court (in the absence of some other bar to suit).

We hold that, by establishing the basis for his requested relief, Bovee will not necessarily demonstrate the invalidity of a condition of his parole. This is because the Parole Board never actually imposed sex offender conditions on Bovee.

If Bovee proves that Directive 148.300 is unconstitutional and that the Parole Board therefore violated his rights when it evaluated him to determine the need for sex offender conditions, he will necessarily prove the invalidity of any condition imposed on him pursuant to Directive 148.300. But the Parole Board never imposed

16

a condition on Bovee pursuant to Directive 148.300. Thus, if Bovee establishes the basis for the damages he seeks, he will not necessarily demonstrate the invalidity of a condition of his parole. Indeed, under these facts, establishing the basis for Bovee's requested relief necessarily will not demonstrate the invalidity of a condition of Bovee's parole.

We hold the trial court did not err in denying the part of TDCJ's plea to the jurisdiction seeking dismissal of Bovee's claims for money damages.

**Conclusion**

We vacate the trial court's orders denying the part of TDCJ's plea to the jurisdiction seeking dismissal of Bovee's declaratory judgment action and granting Bovee's application for a temporary injunction and dismiss TDCJ's appeals from these orders as moot. We affirm the trial court's order denying the part of TDCJ's plea to the jurisdiction seeking dismissal of Bovee's claims for money damages. We remand the case for further proceedings consistent with our opinion.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Guerra.

17