

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-20-00277-CV

IN THE INTEREST OF L.G.C., A CHILD

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-517-463, Honorable Mackey K. Hancock, Presiding

September 30, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Charles Brice Chapman, appeals the trial court's order for turnover relief, which awarded certain real property turned over to satisfy child support arrearages owed to appellee, Christina Chapman. We dismiss the appeal for want of jurisdiction.

Background

On October 30, 2019, the trial court entered a judgment establishing Charles's child support obligation. On January 27, 2020, Christina filed a motion seeking enforcement of the judgment. The trial court entered an order of enforcement on August 21, 2020, that awarded child support arrearages and attorney's fees in favor of Christina.

On October 16, 2020, the trial court ordered Charles to turn over certain nonexempt real property to the Lubbock County Sheriff for levy and execution to satisfy the child support judgment. On October 22, 2020, Charles filed his notice of appeal.[1] On November 16, 2020, Charles complied with the turnover order and provided all necessary documents of ownership to the Lubbock County Sheriff. Charles also sought supersedeas bond to suspend enforcement of the judgment pending appeal. On January 14, 2021, the trial court set supersedeas bond at $2,500. However, Charles failed to post the bond so in accordance with the trial court's writ of execution, on July 6, 2021, the Lubbock County Sheriff executed on the trial court's order and sold the property at a public auction. Therefore, Charles no longer owns the property that is the subject of the present appeal.

Analysis

"A case becomes moot when there ceases to be a justiciable controversy between the parties or when the parties cease to have 'a legally cognizable interest in the outcome.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018); *see City of Krum v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam). In other words, when the court's action on the merits cannot affect the parties' rights or interests, the case is moot. *City of Krum*, 543 S.W.3d at 749. A case can become moot at any time, including on appeal. *State ex rel. Best*, 562 S.W.3d at 6. When a case becomes moot, the court loses jurisdiction and cannot consider the merits of the case because any decision it rendered would constitute an advisory opinion, which is outside of the jurisdiction conferred by the

---

[1] When Charles ultimately filed his appellate brief, his sole issue was "Did the trial court err in granting a turnover order without notice by [Christina] to the first lienholder . . . of the [a]pplication [f]or [t]urnover [o]rder [so] that [m]ortgagee could adequately protect their interests from what, in effect, is a foreclosure by [Christina] in order to satisfy a judgment against [Charles]." Thus, his appeal relates solely to the turnover of the property that was ultimately sold at the July 6, 2021 public auction.

Texas Constitution. *Id.* When a case becomes moot, the court must dismiss the entire cause. *City of Krum*, 543 S.W.3d at 750; *see Exxon Mobile Corp. v. Rincones*, 520 S.W.3d 572, 586 (Tex. 2017) (after appeal became moot, Supreme Court vacated court of appeals' judgment without addressing the merits). We determine whether a case has become moot as a question of law. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016).

In the present case, Charles's sole issue contends that the trial court erred in granting a turnover order without requiring that notice be given to the first lienholder. The trial court set a supersedeas bond at $2,500 to stay execution on the property pending appeal. However, Charles failed to post the bond before the trial court issued its writ of execution. Consequently, the property that is the subject of this appeal was sold at auction on July 6, 2021. Since the property has been sold, resolution of Charles's appellate issue would not affect the parties' rights or interests and this appeal has become moot. *See State ex rel. Best*, 562 S.W.3d at 6; *City of Krum*, 543 S.W.3d at 749. As such, we must dismiss this appeal for want of jurisdiction. *See City of Krum*, 543 S.W.3d at 750; *Exxon Mobile Corp.*, 520 S.W.3d at 586.

## Conclusion

Because we lack jurisdiction to consider the merits of this appeal, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f).

Judy C. Parker
Justice

3